Chief Justice Makshall
delivered the opinion of the Court.
This action on the case was brought in 1844, by Cox against Taylor, for the recovery of damages consequent upon suing out and keeping up an injunction, whereby the plaintiff was restrained from the advantageous use of his land from 1831 to 1843. The defendant filed a demurrer to the declaration and also pleaded the general issue and the statute of limitations that he did not commit the wrongs and injuries complained of within five years before the commencement of the suit. To this last plea the plaintiff replied that, though the wrongs and injuries complained of were commenced more than five years before the institution of the suit, they were continued and not fully committed until within five years, &c. The defendant demurred to this replication ; and the demurrer to the declaration having been previously overruled, the demurrer to the replication was sustained; and the plaintiff making no other answer to the plea, a judgment in bar was rendered against him, which he seeks to reverse by writ of error.
If the declaration should be understood as alleging no other wrongful act of the defendant but that of suD ins out the injunction, and as claiming damages for the . ? . , S t injuries consequent upon that act, then as the act complained of was single and not continuous, we should be of opinion that the replication in setting up some other act as the ground of action might be regarded as a departure from the declaration. But if the declaration should be understood as complaining of the wrongful continuation of the injunction as well as of its ori *18 ginal issuance, then the replication is not a departure, but contains a proper averment showing that a part of the cause of action laid in the declai'ation accrued within five years. There can be no doubt that although the continued pendency of an injunction may in some sense be regarded as a consequence of its original emanation or procurement, it may in fact be maintained and kept up maliciously and without probable cause, or upon pretexts known to be false, and that if so, the continuation of it, like the original suing out, may be a substantive cause of action, for which there may be a recovery. although the cause of action for suing it out, and the damages immediately consequent thereon, as alleged and claimed in the same suit, may be barred by a plea of the statute of limitations. Whether the declaration does in fact set out the continuation of the injunction in such a manner as to present a distinct cause of action on which the plaintiff might recover, though the action for suing out the injunction were barred, we do not deem it necessary to determine as a distinct question, because, in our opinion, the declaration is fatally defective for the want of those allegations which are necessary to sustain the action either for the issuing or continuing of the injunction.
Mesne profits cannot be recovered for a greater length oí lime than five years before action brought, nor can it be commenced until possession claimed, argu.
Before proceeding to particularize these defects, we will, however, notice an argument which seems to be directed against the effect of the plea, inasmuch as it assumes that as the plaintiff could not sue until the injunction was dissolved, the limitation should not commence running until that time, since, otherwise, the plaintiff might be barred from any recovery. But conceding that this would be true with regard to a recovery in an action on the case, our statute stili furnishes a remedy by requiring the party who obtains an injunction restraining another from the enjoyment of his rights of property to execute first a bond securing him against all damages consequent upon the wrongful issuing of the order. This remedy is certainly not barred by the statute, nor by any presumption founded on mere lapse of .time during the pendency of the in *19 junction. And e /en under the restrictions to which it is subject, as explained in the case of Pettit, &c. vs Mercer, 8 B. Monroe, 51, it would seem amply sufficient to cover all damage claimed in this action, if the penalty of the bond be large enough ; and if it is not, the plaintiff had it in his power to have enforced the execution of a sufficient bond during the pendency of the injunction. So that in any state of case and at most, the fixing of the time when the statute commences running in an action on the case at the date of the injunction, when that is the wrongful act complained of, would not deprive the party injured of his appropriate remedy for all substantial injuries which maybe regarded as affecting his rights of property, and which may be estimated with reasonable accuracy, but will only cut off his remedy for those injuries to character, credit, or feeling, the estimate of which will rest only in the opinions and feelings of a jury. Whatever hardship there might be in applying the statute in this mode, in a case involving an injury to character or credit, there is none in the present case which involves no other injury or damage ' than such as is covered by the injunction bond. Whether there is ground for discriminating betw'een the cases, we need not now enquire, nor indeed is it necessary to determine in this case when the statute commenced running against the action. And we do not decide the point. We remark, however, that so far as this case is concerned, the effect of the statute in the case of the action for mesne profits, bears considerable analogy to it, since, although the action cannot be commenced until after the possession is regained, the statute, if properly pleaded, bars a recovery for more than five years prior to the commencement of the action for mesne profits, even against a party who may have remained in possession from the institution of the action of ejectment till the execution of the habere f acias possessionem: Doe, &c. vs Jones, (6 B. Monroe 489, and Till. Adams on Ejectment, 333, &c.) And even if there can be no recovery against the plea of the statute for any part of the consequential damages, though arising *20 within five years, if the suing out of the injunction before that time be the only wrongful act alleged as the ground of the action, still, as already shown, the declaration might be so framed as to authorize a recovery of the damages consequentupon a continuation of the injunction for five years before the institution of the action therefor, or for any portion of the time within that period. But as already said, this declaration shows no cause of action in case either for the suing out or the continuing of the injunction. The action is essentially for a malicious prosecution, that is, for the groundless institution and prosecution of a suit without probable cause. The common law did not give this action merely on the ■ground that the former plaintiff may have been unable to establish a claim asserted by suit, although the decision of that suit might conclusively determine the injustice and wrongfulness of his claim. It allowed every man to pursue his claims by the established remedies, subject to no other burthens or penalties, but such as were incident to the remedies themselves in case of failure, unless he had resorted to them, not only without such actual grounds as would ensure success, but without even probable cause or ground for the proceeding, and therefore presumably for the mere purpose of harassing, or injuring the other party, either in respect to his life, liberty, property, or reputation. And the principle is the same, whether the malicious proceeding be a criminal prosecution or a civil suit. In either case the wrong consists not merely in the falsity and consequent injustice of the charge or claim, but in its being made by legal proceeding without probable cause, and therefore, as the law decides, from malicious motives alone. This want of probable cause being the essential ground of the action, must be alleged and proved in order to sustain it. If there be probable cause, though the charge or claim be false, and therefore unjust or wrongful, the most express malice will not be sufficient. Therefore the allegation that the party had maliciously, or falsely, or unjustly, or wrongfully, instituted the former proceeding will not supply the want of the allegation that *21 he did it without probable cause; which although it need not be stated in these express words, must be stated in some form of substantive averments, or must at least be shown clearly in the declaration. The doctrine and principles establishing these propositions' are clearly stated and adopted in the cases of Maddox vs M’Ginnis, (7 Monroe, 370;) Wood vs Weir & Sayre, (5 B. Monroe, 544;) and many other cases in this and other Courts.
The common law gives an action for bringing a civil suit maliciously . and without probable cause.
A declaration in case for wrongfully sueing out an injunction and depriving the plaintiff of the use of his land without averring that it was obtained and prosecuted maliciously and without probable cause held to he invalid.
Suit upon an injunction bond may be prosecuted upon an injunction bond after the injunction is dissolved for any violation of its provisions without respect to probable cause wh'Ch existed for sueing out the injunction.
The declaration in this case does not allege nor show that the injunction or restraining order, whereby the plaintiff was prevented from the proper use and enjoyment of his land, was obtained or caused to be issued or Continued without any probable cause therefor. The allegation that it was obtained for the purpose of harrassing, injuring and oppressing the plaintiff, and of preventing the advantageous or any use of his land, is not equivalent to the averment of want of probable cause, but only to an averment of malicious motive. The allegation that it was unjustly and wrongfully done, does not deny the existence of probable cause, but only of actual or perfect cause, and nothing more is shown by the statement that the injunction was finally discharged and dissolved, which might indeed have been done, though there was ample cause in the first instance, and until just before the dissolution. The declaration does not, therefore, decisively or sufficiently negative the existence of probable cause at any time, and is consequently bad. It is scarcely necessary to remark that these principles apply to the action on the case which is founded on the common law, and not to an action on the bond which was intended to secure the obligee, not from malicious injuries only, but from any injury to his property or his rights of property which might be occasioned by the wrongful resort to the extraordinary remedies in which the bond is required. And as was decided in the case of Pettit &c. vs Mercer, above referred to, the existence or non-existence of probable cause is immaterial in an action on the bond.. It is clear from that case, as'well as from what has already been said in *22 this, that the action on the case, and that on the bond, are not, as remedies, co-extensive or commensurate, either as to the nature of the wrong or as to the extent or criterion of damages recoverable, and therefore, there is no ground for the argument that the remedy by action on the case is merged in that on the bond. Nor are we prepared to decide that if they were altogether commensurate, or that so far as they are so, the one is merged in the other. In the case of official bonds of Sheriffs, &c., the remedies both exist, and we do not see that the same should not be the case with regard to injuries occasioned by injunctions, &c.,for which the party might undoubtedly have an action on the case if no bond were required.
That an injunction bond has been given does not merge any cause of action given by the common law for maliciously sueing without pro* bable cause, any more than does a sheriff’s official bond.
Harlan and J. W. Stevenson for plaintiff; Lindsey for defendant.
The declaration being fatally defective, the Court did not err in sustaining the demurrer to the replication, but should have sustained the demurrer to the declaration.
Wherefore the judgment is affirmed.