ANNIE E. MANLOVE ET AL. *v.* JOHN W. VICK.

ACTION ON THE CASE. *Wrongful issuance of injunction. Malice and want of probable cause.*

An action on the case for the wrongful issuance of a writ of injunction cannot be maintained where the declaration does not aver that the injunction was sued out maliciously and without probable cause, but only that it was done " wrongfully and without any sufficient cause or reason." In such a case the recovery of damages must be upon the bond of the party obtaining the writ.

*Quære.* — Whether, in cases where the statute requires a bond to cover damages, the remedy on the bond is not exclusive of any other action, even if malice and want of probable cause be averred.

ERROR to the Circuit Court of Warren County.

Hon. UPTON M. YOUNG, Judge.

The defendant below, who is also the defendant in error, filed a demurrer to the plaintiffs' declaration, which was sustained, and to the judgment thereon the plaintiffs sued out a writ of error. The nature of the action is stated in the opinion of the court.

*L. W. Magruder*, for the plaintiffs in error.

Does the law requiring bond in an injunction suit create a liability which may be enforced in an action on the case, or is the remedy limited to the bond? If the statute, in requiring the bond for damages, has made the failure to maintain the injunction a legal wrong — a technical injury — then this action is maintainable. This is not a suit for " malicious prosecution," as technically understood at common law, in which the right to recover would depend upon malice and the want of probable cause. The injury here complained of has been made by the statute a legal wrong *per se;* and the conditions of liability and the principles of recovery have been changed, so that now malice and want of probable cause are only relevant in determining the question of damages. The purpose and effect of the statute in requiring a bond for damages before an injunction is issued was to make an act an injury which would otherwise be *damnum absque injuria.* The liability is incident to, and the damages accrue from, the wrong-

ful act, and not from the bond. The statute, in the evnet of failure in the injunction suit, invests the act of wrongful suing out with a tortious character. " Damages are a compensation and satisfaction for injury sustained." 2 Bla. Com. 438. " Every injury imports a damage." 1 Hill. on Torts, 72, 73, and note.

For the doctrine that malice and the want of probable cause are not necessary to maintain an action of this kind, see *Wilson* v. *Outlaw*, Minor, 367, *Kirksey* v. *Jones*, 7 Ala. 622, *Seay* v. *Greenwood*, 21 Ala. 491 ; and the following cases in Louisiana, decided upon common-law principles : *Senecal* v. *Smith*, 9 Rob. 313, *Offut* v. *Edwards*, 9 Rob. 90, *Horn* v. *Bayard*, 11 Rob. 259 ; and, also, *Foster* v. *Sweeney*, 14 Serg. & R. 387, and, in South Carolina, *Saunders* v. *Hughes*, 2 Brev. 495.

*Nugent & Mc Willie*, on the same side.

*Buck & Clark*, for the defendant in error.

In the case of *Gorton* v. *Brown*, 27 Ill. 493, it was held that " the remedy on the bond given on obtaining the injunction is all the remedy to which the injured party can resort." But it is unnecessary for us in the present case to maintain so broad a proposition as that there is no remedy except on the bond. It is sufficient for our purpose to show that an action on the case for wrongfully suing out the writ cannot be maintained, unless it be alleged and proved that it was done maliciously and without probable cause. This is declared in *Cox* v. *Taylor's Administrator*, 10 B. Mon. 17, in the most emphatic terms. And in *Lexington & Ohio R. R. Co.* v. *Applegate*, 8 Dana, 289, it is said that if any remedy on the case exists, these are essential elements of it.

The argument of the counsel for the plaintiff is artificial, and unauthorized by any decision except that of the early case of *Wilson* v. *Outlaw*, Minor, 367. And the court, recognizing the error of that decision, took the first opportunity to get right, as will be seen by *McKellor* v. *Couch*, 34 Ala. 336. The rule is now established in that state that malice and want

·of probable cause are essential. _Benson & Co._ v. _McCoy_, 36 Ala. 710.   With the exception of the single break in Alabama, the current of authority is uniform that malice and want of probable cause must be shown.   The decisions on the subject are collected in a note to section 732 of Drake on Attachments, to which, and to sections 726 and 729 (_ib._), we refer the court.   Also, see the following authorities not there referred to :    _Lawrence_ v. _Hagerman_, 56 Ill. 68 ; _King_ v. _Montgomery_, 50 Cal. 115 ; _Preston_ v. _Cooper_, 1 Dill. 589 ; _Closson_ v. _Staples_, 42 Vt. 209.

CHALMERS, J., delivered the opinion of the court.

This is an action on the case, seeking to recover damages alleged to have been sustained by the wrongful issuance of an injunction writ.   There is no allegation in the declaration that the injunction was either maliciously sued out, or that it was without probable cause.   It is only averred to have been issued "wrongfully, and without any sufficient cause or reason."

It is well settled, both at common law and under statutory provisions requiring the giving of bonds as conditions precedent to obtaining certain statutory writs, that no action can be maintained against the party issuing the writs, except by showing malice and want of probable cause in their issuance. For the wrongful bringing of the common-law actions, the compensation to the defendant is the recovery of costs. In the other class of actions the recovery of damages sustained must be upon the bond given by the party who invoked the statutory writ.

To go beyond this, in either class of cases, malice and want of probable cause must be shown, though it is sometimes said that malice may be inferred from the want of probable cause.   This far the rule is laid down by all the authorities, save some early cases in Alabama, which have since been overruled.   The only serious controversy among the cases is whether, where a bond is by statute required and

given to cover the damages sustained, the remedy on the bond does not become exclusive, and preclude any other action,. even where malice and want of probable cause is averred. This question it is not necessary to decide, because there is here no averment of malice or want of probable cause. *Cox* v. *Taylor's Administrator*, 10 B. Mon. 17 ; *Gorton* v. *Brown*, 27 Ill. 489 ; *McKellar* v. *Couch*, 34 Ala. 336 ; Drake on Attach., 4th ed., sec. 726 *et seq.*, and authorities cited.

Judgment affirmed.