## W. H. CLOPTON *v.* E. L. SYKES et al.

**Injunction — Suit on Bond for Damages — Malice.**

A declaration in a case to recover damages resulting from the wrongful suing out of an injunction, is demurrable if it fails to aver that the writ was sued out maliciously or without probable cause.[1]

Suit by appellant, William H. Clopton, against appellees, to recover damages for wrongfully suing out a writ of injunction against him. Defendants' demurrer to plaintiff's declaration was sustained, and plaintiff appeals. The facts are sufficiently stated in the opinion of the court.

APPEALED from Circuit Court, Monroe county, J. A. GREEN, Judge.

Affirmed, May 2, 1881.

*Attorney for appellant, Reuben Davis.*

*Attorneys for appellees, Murphy, Sykes & Bristow.*

Brief of Reuben Davis:

This is an action on the case to recover damages resulting from the grant of a writ of injunction by Chancellor L. Houghton, at the instance of defendants, arresting a contest for the office of circuit clerk, to which plaintiff claimed to have been elected in November, 1879. This act is averred in the declaration to have been induced by a conspiracy between the defendants and the chancellor for that purpose. The damage is the value of the office, as well as punitive. The declaration avers that the act was

---

[1] A declaration in case to recover of complainant damages for the issuance of a writ of injunction "wrongfully and without sufficient cause or reason," with no allegation that it was done maliciously or without probable cause, is demurrable. The recovery must be upon the injunction bond. To go beyond this it is necessary to show malice and want of probable cause, though it may be that malice will be inferred from want of probable cause. *Manlove v. Vicks,* 55 Miss. 567.

void, and known to be so at the time it was performed, and, being a wrongful act, he presumes that it was malignant, and imposes punishment in the way of damages. The salary of the·office is a vested right in plaintiff, and an act of others which deprives him of it renders them liable in damages for the amount.

The first question which I shall consider is, whether this is the appropriate remedy for the wrong complained of. Case lies to recover damages for torts, the injury not being immediate, but consequential. The injury may be either by nonfeasance, misfeasance, or malfeasance. Nonfeasance—omission to .act, improper performance of some act the doing of what the defendant ought not to do. An act done may be made the foundation of case or trespass. If the injury results directly from the act, it is trespass. If the injury is secondary, it is case. If malicious and unfounded, though instituted by a court having no jurisdiction, case may be supported. Formerly it was usual in these cases, where several persons joined in the prosecution, to proceed by writ of conspiracy, but the action on the case is now the usual remedy. 1 Chitty's Pleadings, 9th Ed., p. 133.

In short, I understand case to be the remedy to obtain compensation, or any damage sustained, as a consequence of preceding wrongful acts. * * *

Brief of Murphy, Sykes & Bristow:

* * * The question under the first ground of demurrer is, does the declaration state any legal cause of action? It was formerly held that no action under any circumstances would lie for bringing a *civil* suit, however groundless it might have been. I Hilliard Torts, 422, § 11.

But the qualified doctrine is now well settled that no action lies to recover damages sustained by being sued in a *civil* action unless it was *both* malicious *and* without probable cause. Want of probable cause alone is not sufficient. I Hilliard Torts, 422; Vanduzer *v.* Linderman, 10 Johns. 106; White *v.* Dingley, 4 Mass. 433; McKellar *v.* Couch, 34 Ala. 336; Sledge *v.* McLaren, 29 Geo. 64.

Want of probable cause is, therefore, no evidence of malice, and the malice must be distinctly alleged and established by other proof than the mere groundlessness of the action.

The declaration in this case does not charge any malice. The

only allegation that could be wrested into such a charge is the allegation that when the injunction was prayed and granted, both the chancellor and the defendants knew the Chancery Court had no jurisdiction of the subject matter of the bill. This is certainly not what *knowledge* from which malice could be inferred, even if, in a civil action, malice *could* be inferred from a mere *knowledge of facts*. That knowledge must be of *facts* from which the plaintiff knows he has no grounds of action. Knowledge of the *law,* with which everyone is charged, will not be sufficient. Knowledge of the *irregularity* of a proceeding for which a judgment thereon could be *reversed,* will not support an action for damages for instituting and carrying on such proceedings. Williams *v.* Hunter, 3 Hawks. 545.

So this declaration is bad for want of an allegation of *express malice.* * * *

OPINION.—*Per curiam:*

This is an action on the case to recover damages resulting from the wrongful suing out of an injunction.

Many grounds of demurrer are interposed, only one of which we find it necessary to examine. The declaration fails to aver that the writ was sued out maliciously or without probable cause. This is fatal, as was settled in the case of Manlove *v.* Vick, 55 Miss. 567.

*Judgment affirmed.*