[No. 11187.   Department Two. — September 24, 1886.]

RICHARD JONES, RESPONDENT, *v.* JOHN W. JONES, APPELLANT.

MALICIOUS PROSECUTION — PROBABLE CAUSE — MALICE — BURDEN OF PROOF. — To maintain an action for malicious prosecution, malice and want of probable cause must concur.  If either of these be wanting, the action must fail.  The burden of establishing the want of probable cause is on the plaintiff.

LARCENY — SPECIAL PROPERTY OF GUARDIAN SUFFICIENT TO SUPPORT. — The guardian of an incompetent person in possession of the property of his ward has such a special property therein as will support larceny against one taking it with felonious intent.

MALICIOUS PROSECUTION — ARREST MADE UNDER ADVICE OF COUNSEL. — An action for malicious prosecution cannot be maintained for an arrest of the plaintiff, made in good faith, by the defendant, acting under the advice of counsel, after a full and fair statement to the latter of the facts of the case as he believes them.

ID. — EVIDENCE. — The evidence reviewed, and *held* to show probable cause for the arrest in question, and to negative the idea of malice.

APPEAL from a judgment of the Superior Court of San Joaquin County, and from an order refusing a new trial.

The facts are stated in the opinion.

*J. C. Campbell,* and *P. W. Bennett,* for Appellant.

*W. D. Grady,* and *Byers & Elliott,* for Respondent.

SEARLS, C. — This is an action for malicious prosecution.   Plaintiff had a verdict for six thousand five hundred dollars, upon which judgment was entered.

The appeal is by defendant from the judgment, and from an order denying a new trial.

Plaintiff and defendant are brothers.   Mary Jones, their mother, was an incompetent person, and one Levi Nicewonger was guardian of her estate, and as such guardian had procured an order of court authorizing him to sell certain of the personal property belonging to his ward, and had advertised it for sale.

The plaintiff and one Calvin Jones, another brother

(or perhaps Calvin Jones alone), came to the county of San Joaquin from the county of Fresno, and stated to said guardian that they desired to take the personal property of said Mary Jones to Fresno. They were told by the guardian that they could not take the horses, wagon, or cows, as that property was to be sold in a short time. The plaintiff and Calvin Jones then went to the Jones ranch with their mother, and requested of the man who was in charge thereof, for said guardian, the privilege of using the horses and wagon to convey the household furniture of said Mary Jones to the nearest railroad station at Ripon, they offering to return the team to the ranch in the afternoon of the same day. The agent in charge of the property for the guardian agreed that he would allow them to take the team to Ripon to convey such household furniture, and that he would go to Ripon and bring the team back. Under such representations they got possession of the team, and started on the road apparently toward Ripon. They did not go to Ripon, but took the first road in a southern direction, going directly away from Ripon. Moll, the agent of the guardian of Mary Jones, after making the arrangements with plaintiff and Calvin Jones concerning the team, started for Ripon for the purpose of bringing it back; and after he left the ranch plaintiff and Calvin Jones drove the cows away from the Jones ranch. When Moll arrived at Ripon he found that the team was not there, and upon inquiry ascertained that the plaintiff had been seen driving it up the road leading south. Moll then started for Stockton to inform the district attorney of San Joaquin County, and when he arrived in Stockton he met the defendant, who was interested in the estate of his mother, Mary Jones. Moll then informed the defendant what had been done by the plaintiff and Calvin Jones, and requested the defendant to see about the matter, at the same time informing him that the guardian (Nicewonger) was absent in San Francisco. The defendant went to

the office of the district attorney and informed him of what had been told him by Moll, and asked what should be done in the matter. The defendant was advised by the district attorney that the crime of grand larceny had been committed, and to have the plaintiff arrested. The district attorney prepared the complaint and the defendant swore to it, and upon that complaint a warrant was issued, and plaintiff was arrested in the county of Fresno and brought to Stockton, a distance of say 113 miles, where, upon the following day, he had an examination before a justice and was discharged. He was not confined in jail or subjected to any indignity beyond that implied by being deprived of his liberty upon the charge of larceny.

In addition to the general verdict for plaintiff, the following question was submitted to the jury: —

"Question. — Did the defendant, John W. Jones, at the time he instituted the criminal proceeding against Calvin Jones and Richard Jones, believe, in good faith, that this plaintiff, Richard Jones, was guilty of the crime charged, to wit, grand larceny?

"(By 'good faith' is meant acting honestly and fairly on his knowledge and information of the circumstances and advice of counsel, and acting as an ordinarily prudent man would act under all the circumstances.)"

To which the jury returned for answer, "No."

To maintain an action for malicious prosecution, *malice and want of probable cause* must concur.

If either of these be wanting the action must fail. (*Anderson* v. *Coleman*, 53 Cal. 188.)

The primary question to be considered in this class of cases, as was said in *Grant* v. *Moore*, 29 Cal. 644, is the want of probable cause for the prosecution complained of, and this must be established before plaintiff can recover; and the burden of proof is upon the plaintiff.

Nicewonger, as the guardian of Mrs. Jones, was in possession of the property, and had such a special prop-

erty therein as would support larceny against one taking with felonious intent.

A man may steal his own property, if by taking it his intent be to charge a bailee with the property. (*People* v. *Thompson*, 34 Cal. 671; *People* v. *Stone*, 16 Cal. 369.)

1. It seems to us that the facts as detailed in the record, founded upon plaintiff's testimony, and upon which the defendant acted in procuring the warrant for the arrest of plaintiff, showed probable cause for the course he pursued, and negative the idea of malice.

We may well suppose in the light of the present that the felonious intent, on the part of plaintiff, necessary to constitute larceny, was entirely wanting.

We must, however, determine the question of *probable cause* from the facts as they existed and appeared to defendant, at the time he made the complaint. He had a right to act upon the facts as they were apparent by the acts of plaintiff, independent of any secret intention on the part of the latter to return the property which was not and could not be known to him.

Had the plaintiff been an entire stranger to the parties and to the property, his acts were of such a character that they would have supported a verdict of guilty upon a charge for larceny.

If in the performance of an unlawful act the plaintiff surrounded the transaction with circumstances of his own creation, real and adventitious, indicating guilt, he should not be heard to complain that others acted upon the hypothesis thus supported by his conduct.

2. There can be no reasonable doubt from the evidence but that Moll, the agent of the guardian, correctly narrated the facts as they had transpired at the ranch, and that defendant with equal fidelity detailed them to Campbell, the district attorney, and Gibson, his deputy, and that when asked what he should do, or what ought to be done, they, as the law officers of the county, advised

him that the acts of plaintiff and his brother constituted grand larceny, and advised their arrest for crime.

They then went before the magistrate with a complaint which the district attorney had prepared and defendant had verified, and upon a statement of the facts to that officer, and on the advice of the district attorney, a warrant issued.

In *Leigh* v. *Webb*, 3 Esp. 164, Lord Eldon held that if a party makes a complaint before a justice, which the justice conceives amounts to a felony, and issues his warrant against the party complained against, and the facts do not amount to felony, no action for malicious prosecution will lie against the party who made the complaint. This doctrine is upheld by this court in *Hahn* v. *Schmidt*, 64 Cal. 284, where authorities bearing upon the question are cited and approved.

In *Levy* v. *Brannan*, 39 Cal. 485, it was said: "The *onus* is upon the plaintiff to prove his allegation of the want of probable cause. The defendant may rebut the evidence of the plaintiff on this point by showing that he acted in good faith, under the advice of counsel, after a full and fair statement to his counsel of the facts of the case," citing *Potter* v. *Seale*, 8 Cal. 224.

In this case the testimony of the district attorney and of defendant was introduced by plaintiff, and showed not only the truthful and full statement made by the defendant, the advice of the district attorney thereon, but also that the defendant in good faith believed the statement to be what in fact it was,—the truth.

We think upon the showing made by plaintiff there was no want of probable cause for his arrest, and therefore that the motion for a nonsuit should have been granted.

The evidence subsequently introduced by defendant strengthened the case in his behalf, and the verdict was contrary to the evidence, and should have been set aside.

The judgment and order denying a new trial should be reversed and a new trial had.

Belcher, C. C., and Foote, C., concurred.

The Court.—For the reasons given in the foregoing opinion, the judgment and order are reversed, and cause remanded for a new trial.