[No. 18139.　Department One.—November 10, 1893.]

## JOSEPH ASEVADO ET AL., RESPONDENTS, *v.* THOMAS ORR ET AL., APPELLANTS.

INJUNCTION—ACTION AGAINST PLAINTIFF—SURETIES ON BOND—PLEADING —MALICE—PROBABLE CAUSE.—A complaint which contains two counts, one for damages against the plaintiff in an injunction suit, and the other against the sureties upon the injunction bond, but which fails to aver either malice or want of probable cause in the issuance of the writ of injunction, fails to state any cause of action against the plaintiff in the injunction suit.

ID.—DISMISSAL OF INJUNCTION SUIT—ADMISSION.—The fact that the plaintiff in the injunction suit voluntarily dismissed the action does not show an admission on his part that he had no probable cause for commencing it.

ID.—MALICIOUS PROSECUTION OF INJUNCTION—ACTION FOR DAMAGES— REMEDY AGAINST SURETIES.—An action on the case for damages will not lie for improperly suing out an injunction unless the complaint charges an abuse of the process of the court through malice and without probable cause. If the act complained of is destitute of these ingredients, the only remedy of the injured parties is an action upon the injunction bond.

ID.—LIABILITY OF PLAINTIFF UPON BOND.—The plaintiff in the injunction suit is not liable upon the injunction bond, if he was not a party to the undertaking.

ID.—LIABILITY OF SURETIES—PROOF REQUIRED.—The liability of the sureties upon an injunction bond depends simply upon proof that the injunction was issued, that the defendants suffered damage thereby and that the court has decided that the plaintiff was not entitled to the injunction.

ID.—VOLUNTARY DISMISSAL—DECISION OF COURT.—The voluntary dismissal of an injunction suit by the plaintiff has the same effect as a decision of the court, that he was not entitled to the injunction.

ID.—JOINT DEMURRER—MISJOINDER OF PARTIES AND CAUSES.—In an action against the plaintiff in the injunction suit and the sureties on the injunction bond, where the second count of the complaint sufficiently stated a cause of action against the sureties, while the first count stated no cause of action against the plaintiff in the injunction suit, a joint demurrer by all the defendants upon the ground that the complaint failed to state facts sufficient to constitute a cause of action; that there was a misjoinder of parties defendant, and that a cause of action upon the case was improperly united with a cause of action upon a special contract, is properly overruled as against the sureties.

ID.—EFFECT OF JOINT DEMURRER.—A joint demurrer by all of the defendants to an action is properly overruled if the complaint is good as against either of them.

ID.—JOINDER OF PARTIES—APPEAL—HARMLESS RULING.—A complaint is not necessarily defective in which there is united with some defendants another against whom no liability is alleged or recovery sought, and

an order overruling a demurrer for misjoinder of parties defendant does not constitute a reversible error, if the rights of the parties have not been prejudiced.

ID.—MISJOINDER OF CAUSES NOT AFFECTING SUBSTANTIAL RIGHTS.— Where the substantial rights of the parties to an action have not been affected by a misjoinder of causes of action, a judgment rendered after a trial of the case upon its merits should not be reversed because the court overruled a demurrer for such misjoinder.

ID.—JURY TRIAL—EXCUSE OF JUROR—UNAVAILABLE EXCEPTION.—The right of a party to an action to have the cause tried by an impartial jury does not give him the right to have it tried by any particular jurors, and the act of the court in excusing a juror does not give an available exception to a party objecting thereto, even if such juror is competent to act in the case.

ID.—OBEDIENCE TO AMBIGUOUS INJUNCTION—ESTOPPEL OF PLAINTIFF—LIA- BILITY OF SURETIES.—Parties against whom an injunction has been issued are bound to obey the spirit as well as the letter of the injunction, and are justified in acting so as not to render themselves liable for a con- tempt in disregarding it on the ground that it is ambiguous, and it does not lie in the mouth of the person who has secured an injunction which is ambiguous in its terms to object to its obedience on the part of the de- fendants, or to their claim for recompense for the damage they have sustained thereby. His acquiescence in their obedience must be accepted as his own construction of the manner in which he intended it to be obeyed, and his bondsmen are liable upon their bond for the damages consequent thereon.

APPEAL from a judgment of the Superior Court of Siskiyou County.

The facts are stated in the opinion of the court.

*Warren & Taylor,* and *T. M. Osmont,* for Appellants.

The complaint does not state a cause of action against the defendant Orr. In order to recover in an action on the case for the wrongful issuance of an injunction, malice and want of probable cause must be alleged and proved. (*Manlove* v. *Vick,* 55 Miss. 567; 2 High on Injunctions, secs. 1040, 1650.) Under the maxim *actus legis nemini facit injuriam,* a plaintiff to avail him- self of his common law remedy for injuries arising from an injunction must allege an abuse of process through malice and without probable cause, otherwise his only remedy is upon the bond. (*Keber* v. *Mercantile Bank,* 4 Mo. App. 195; *Iron Mountain Bank* v. *Mercantile Bank,* 4 Mo. App. 505; *Burnett* v. *Nicholson,* 79 N. C. 548;

*Hayden* v. *Keith,* 32 Minn. 277.) There was a mis-
joinder of causes of action, as they do not belong to the
same class and do not affect all of the defendants.
(Code Civ. Proc., sec. 427, subd. 7; *Ghiradelli* v. *Bour-
land,* 32 Cal. 585.) The defendants in the injunction
suit were bound to obey the order as it was, and not
as they thought it was. (*City of Eureka* v. *Diaz,* 89 Cal.
467.)

*Gillis & Tapscott,* for Respondents.

The general demurrer to the complaint was properly
denied, as one count undoubtedly stated a cause of ac-
tion. (*Remy* v. *Olds,* 88 Cal. 538; *Fleming* v. *Albeck,* 67
Cal. 226; *Cassidy* v. *Cassidy,* 63 Cal. 352; *Griffiths* v.
*Henderson,* 49 Cal. 566.) It was not necessary to allege
want of both malice and probable cause, but it was suffi-
cient to show the latter alone. (2 High on Injunctions,
sec. 1648; *Robinson* v. *Kellum,* 6 Cal. 399; *Dowling* v.
*Polack,* 18 Cal. 628.) The voluntary dismissal of the
injunction suit had the same effect as a final judgment
against the plaintiff, and precludes the appellant from
claiming that there was probable cause for issuing the
injunction. (*Dowling* v. *Polack,* 18 Cal. 628; *Coates* v.
*Coates,* 1 Duer, 664; *Methodist Church* v. *Barker,* 18 N. Y.
463; *Porter* v. *Hopkins,* 63 Cal. 55; *Mitchell* v. *Sullivan,*
30 Kan. 231; *Brown* v. *Galena Mining and Smelting Co.,*
32 Kan. 528; *Bemis* v. *Gannett,* 8 Neb. 236; *Gray* v.
*Veirs,* 33 Md. 159; *Penny* v. *Holberg,* 53 Miss. 567;
*Thompson* v. *McNair,* 64 N. C. 448; *Weeks* v. *Southwick,*
12 How. Pr. 170; *Pugh's •Admr.* v. *White,* 78 Ky. 210.
See also *Lemeunier* v. *McClearley,* 41 La. Ann. 411; *Man-
love* v. *Vick,* 55 Miss. 567.) Even if there was error in
overruling the demurrer on the ground of a misjoinder
of causes of action the error would not warrant a re-
versal, as it did not affect the substantial rights of the
appellants. (*Reynolds* v. *Lincoln,* 71 Cal. 183; *Angell* v.
*Hopkins,* 79 Cal. 181; *Gassen* v. *Bower,* 72 Cal. 555; *Love-
land* v. *Garner,* 71 Cal. 541; *Burroughs* v. *De Couts,* 70
Cal. 366.) The action of the court in excusing one of

the jurors was not prejudicial error, if error at all, as a party is not entitled as a matter of right to have any particular jurors sit in his case. (*People* v. *Arceo*, 32 Cal. 40; *State* v. *Aarons*, 43 La. Ann. 406; *Territorg* v. *Roberts*, 9 Mont. 12; *Thrall* v. *Smiley*, 9 Cal. 529.) Even where an injunction is ambiguous, if it is obeyed by the defendants in the injunction suit, and is afterwards found to have been wrongfully issued, the plaintiffs causing the injunction to issue are responsible. (*Webb* v. *Laird*, 62 Vt. 448; 22 Am. St. Rep. 121.)

HARRISON, J.—The appellant, Thomas Orr, brought an action in June, 1891, against the respondents in the superior court of Siskiyou county, to restrain them from depositing any sand or gravel in North Fork Cornish ditch, and from diverting the waters of Main Greenhorn creek from said ditch during a certain portion of each day; and immediately after the commencement of the action procured a writ of injunction to issue out of the court, which was served on the plaintiffs herein, restraining them, pending the litigation, from doing the acts complained of. For the purpose of procuring the issuance of the injunction the plaintiff, in accordance with the order of the judge therefor, filed an undertaking in the amount of five hundred dollars, executed by the other appellants herein, conditioned " that in case the said injunction should issue, the said plaintiff, Thomas Orr, would pay the defendant in the said action such damages, not exceeding the sum of five hundred dollars, as the defendants therein might sustain by reason of the said injunction if the said superior court should finally decide that the said plaintiff, Thomas Orr, was not entitled thereto." In December, 1891, the action was dismissed upon motion of the plaintiff's counsel, and thereafter the respondents herein brought this action against Orr and the sureties on the undertaking, to recover the damages sustained by reason of the injunction. The complaint contains two counts, one against Orr, claiming the sum of $6,150 for damages resulting from

the issuance of the injunction, and the other against the sureties upon their undertaking to respond in the sum of $500 for the amount of such damages. The defendants jointly demurred to the complaint, and their demurrer having been overruled, they answered, and a trial was thereafter had, in which the jury found that the plaintiffs had suffered damages in the sum of $750. Judgment for that amount was entered against the appellant, Orr, and for $500 against the other appellants. From this judgment the defendants have appealed.

1. In *Robinson* v. *Kellum*, 6 Cal. 399, an action was brought against the defendant to recover damages for wrongfully suing out an injunction against the plaintiff, and upon the appeal from the judgment rendered therein in favor of the plaintiff the court said: "An action on the case will not lie for improperly suing out an injunction, unless it is charged in the declaration as an abuse of the process of the court through malice and without probable cause. If the act complained of is destitute of these ingredients, then the only remedy of the injured party is an action upon the injunction bond, which is specially provided by the statute as a protection against injury, even without malice," and reversed the judgment because the complaint failed to aver those facts. To the same effect are the following authorities. (*Cox* v. *Taylor*, 10 B. Mon. 17; *Manlove* v. *Vick*, 55 Miss. 567; *Burnett* v. *Nicholson*, 79 N. C. 548; *Hayden* v. *Keith*, 32 Minn. 277; *Lawton* v. *Green*, 64 N. Y. 330; High on Injunctions, sec. 1648.) The courts of the state are open to every citizen for the redress of his wrongs, and unless he is at liberty to seek such redress without rendering himself liable in damages to the defendant, in case he shall fail to establish his complaint, this right would in many instances be a barren privilege. The law has provided that in certain classes of actions a defendant may be restrained during the pendency of the action from enjoying property, or exercising dominion over the same, where his right

to the property or of dominion is controverted by the plaintiff, and in such cases the plaintiff is required to indemnify the defendant against any injury that he may sustain from such restraint, if it shall be finally determined that the plaintiff did not have a cause of action. The amount of this undertaking is fixed by the court as the measure of damage to be sustained, and is the limit of the defendant's right of recovery. It is to be assumed that the court has properly exercised its discretion in determining this amount; but if, at any time pending the litigation, it should be made to appear to the court that the undertaking is insufficient, it would have the power, and it would be its duty, to require an increase of the undertaking as the condition of allowing the plaintiff to continue the injunction.

It is only when the process of the court is abused, or when the plaintiff seeks to avail himself of its power to harass or injure another by suing him upon a charge in which he is conscious of having no right of action, that he becomes amenable in damages for bringing such suit. Such an action is, however, in the nature of a malicious prosecution, and in any action to recover damages therefor want of probable cause and malice are essential ingredients to the complaint, and must be clearly alleged and proved in order to sustain the action. (*Cox* v. *Taylor*, 10 B. Mon, 17.)

The complaint in the present case does not aver either malice or want of probable cause, and therefore fails to show any cause of action against the defendant Orr. The contention on the part of the respondents that the voluntary dismissal of the action was an admission by the plaintiff that he had no probable cause for commencing it is not tenable. The plaintiff may have commenced the action in good faith, and in the absence of any averment to the contrary it must be so assumed; but if, after its commencement, he had become satisfied that he would not be able to establish his allegations, either by reason of having been originally misinformed, or because he was unable to procure witnesses in sup-

port thereof, good faith towards the defendants would prompt him to dismiss the action rather than to force them to the annoyance and trouble of contesting his claims at a trial.

It is not alleged that the appellant Orr was a party to the undertaking filed by him upon the issuance of the writ of injunction, and consequently he is not liable thereon. (*Lindsay* v. *Flint*, 4 Cal. 89; *Ghiradelli* v. *Bourland*, 32 Cal. 588.)

It follows that the complaint fails to state any cause of action against Orr, and that the judgment rendered against him was without authority, and must be reversed.

2. The appellants Bohnert and Walbridge agreed by their undertaking that they would pay to the plaintiffs herein any damages which they might sustain by reason of the issuance of the injunction. Their liability depends simply upon proof that the injunction was issued, that the defendants suffered damages thereby, and that the court has decided that the plaintiff was not entitled to the injunction. The voluntary dismissal of the action by the plaintiffs had the same effect as a decision of the court that they were not entitled to the injunction (*Dowling* v. *Polack*, 18 Cal. 625); and the evidence before the jury was sufficient to justify its verdict for the amount in which it was rendered.

These appellants, however, urge that their demurrer to the complaint should have been sustained. They united with Orr in a general demurrer to the complaint, upon the grounds that it did not state facts sufficient to constitute a cause of action; that there was a misjoinder of parties defendant; and that several causes of action were improperly united, viz., an action on the case for damages, and an action upon a special contract. The demurrer upon the two latter grounds is in reality but one, as the specification for misjoinder of parties states as its ground the joining of an action against Orr for damages with an action against these appellants upon their bond. But assuming the demurrer to be sufficient

in form, we think it was properly overruled. The second count in the complaint sufficiently states a cause of action against these appellants upon their undertaking, and a demurrer to the entire complaint cannot be sustained if either of the counts is good. So, also, a joint demurrer by all of the defendants must be overruled if the complaint is good against either of them. A complaint is not necessarily defective in which there is united with some defendants another against whom no liability is alleged or recovery sought, and an order overruling a demurrer for misjoinder of parties defendant does not constitute a reversible error, if it can be seen that the rights of the parties have not been prejudiced. The complaint in the present case seeks no recovery against these appellants except upon their undertaking, and it is evident that their rights could not be prejudicially affected by the fact that their principal, who did not unite with them in the undertaking, has been made a codefendant. The repetition in the second count of the complaint of the matters set forth in the first count, and which affect Orr alone, may be regarded as merely surplusage, and, as these matters are insufficient to constitute a cause of action against Orr, they could not have injured the appellants. In *Stark* v. *Wellman*, 96 Cal. 400, the two causes of action which the plaintiff had united in his complaint were against the same defendant, and it was held that the statute gave him the right to object to their being so united. In the present case, however, the cause of action alleged against Orr is different from the cause of action alleged against these appellants, and where the substantial rights of the parties have not been affected by a misjoinder of causes of action, a judgment that is rendered after a trial of the case upon its merits should not be reversed because the court overruled a demurrer for such misjoinder. (*Reynolds* v. *Lincoln*, 71 Cal. 183.)

The action of the court in excusing the juror DeWitt did not give to the defendants an available exception. Assuming that he was competent to be a juror in the

case, it does not appear that the defendants were prejudiced by his exclusion. Their right to have the cause tried by an impartial jury did not give them the right to have it tried by any particular jurors. No exception was taken by them to any of the jurors who tried the cause, and it does not appear that they did not have an opportunity to exercise all the peremptory challenges allowed them.

The court did not err in refusing to instruct the jury that the writ of injunction was void by reason of its ambiguity, and that therefore the plaintiffs were not entitled to damages because of their obedience to it. They were bound to obey the spirit as well as the letter of the injunction, and were justified in acting so as not to render themselves liable for a contempt in disregarding it on the ground that it was ambiguous. It does not lie in the mouth of one who has secured an injunction which is ambiguous in its terms to object to an obedience to it on the part of the defendants, or to their claim for recompense for the damage they have sustained thereby. The appellant Orr obtained the writ, served it upon them, and must be deemed to have intended a compliance with its terms on their part in some form. If they have done so, and have suffered damage, it is not for him to say that they misconceived the terms which he caused to be incorporated therein. (*Webb* v. *Laird,* 62 Vt. 448; 22 Am. St. Rep. 121.) His acquiescence in their obedience must be accepted as his own construction of the manner in which he intended it to be obeyed, and his bondsmen are liable upon their undertaking for the damages consequent thereon.

The judgment against the appellant Orr is reversed, and the judgment against the appellants Bohnert and Walbridge, and the order denying a new trial are affirmed.

GAROUTTE, J., and BEATTY, C. J., concurred.