HURGREN v. MUTUAL LIFE INSURANCE COMPANY.*

S. F. No. 2045; July 15, 1902.

69 Pac. 615.

**Malicious Prosecution.**—Where a Civil Action was Instituted Three Times, but dismissed without trial, no action for malicious prosecution thereof would lie, as a judgment on the merits in defendant's favor is an essential element of the evidence of want of probable cause.[1]

APPEAL from Superior Court, Sonoma County; S. K. Dougherty, Judge.

Action by E. W. Hurgren against the Mutual Life Insurance Company. From a judgment of nonsuit plaintiff appeals. Affirmed.

R. W. Miller for appellant; D. E. McKinlay and W. H. Sigourney for respondent.

TEMPLE, J.—Action for malicious prosecution of a civil action. The appeal is from a judgment of nonsuit. It is alleged by plaintiff that defendant solicited him to make application for $1,000 insurance, and that he was induced by the representations made to apply for $1,000, and agreed to pay an annual premium on the same of $53. After he signed the application, defendant raised it to a policy of $2,000, and subsequently tendered to plaintiff a policy for $2,000, upon which the annual premium was $103.40. Plaintiff refused to receive the policy or to pay the first annual premium, and thereupon defendant caused to be commenced against him three actions in succession, in each of which summons was duly issued and served on defendant. Each action was in turn, without a trial, voluntarily dismissed by the plaintiff (the defendant here). It is alleged that each action was commenced maliciously and without probable cause, and with intent to extort money from plaintiff. The motion for a nonsuit was based on the grounds: (1) There was no proof that defendant caused the actions to be brought; (2) that

---

*For subsequent opinion in bank, see 141 Cal. 585, 75 Pac. 168.

[1] Cited in the note in 93 Am. St. Rep. 470, on the malicious prosecution of civil actions.

want of probable cause was not shown. The motion was granted upon the last-mentioned ground of the motion. In granting the motion the learned judge of the trial court remarked that, to establish want of probable cause for bringing the suit, it must appear that the suit which is alleged to have been maliciously brought has been decided on the merits in favor of the defendant in that action. Appellant is mistaken in supposing that the decision was upon a ground not specified in the motion. The statement was that a judgment on the merits against the party who brought the suit charged to have been malicious is essential, to show want of probable cause. The judgment was correct. The first suit was brought by the agent or solicitor in his own name, and, of course, it could not be maintained. There was no proof that the defendant had anything to do with it. The solicitor was not an accredited agent of the company, but was employed by one who was an agent to solicit business for him. The second suit was commenced in the name of the company, and, the plaintiff being a nonresident, a bond was demanded on its behalf, and thereupon the cause was dismissed. The third suit was brought by an assignee of the company, to whom it had been assigned for the purpose of collection. It was dismissed without a trial. The suits were brought upon a written agreement of this plaintiff to pay $103.40 per annum upon a policy of life insurance after delivery of policy. The policy had been made out and tendered to the plaintiff, and demand made for the premium. The defense was that plaintiff signed the agreement in blank, and the solicitor, without the consent of this plaintiff, filled in the blank for more insurance than he had agreed to take. There was no evidence which tended to show that the defendant or any of its agents, unless such solicitor was an agent, had any knowledge of such facts, if facts they were. The agency of the solicitor was not such that it could bind the company in a matter of that kind, and furthermore, as I have said, an essential element in the proof of want of probable cause was lacking, in that no judgment on the merits had been rendered in the alleged malicious suits: Asevado v. Orr, 100 Cal. 293, 34 Pac. 777; Jones v. Jones, 71 Cal. 89, 11 Pac. 817.

The judgment is affirmed.

We concur: McFarland, J.; Henshaw, J.