Quiñones *v*. The American Railroad Co. of Porto Rico.

Appeal from the District Court of Mayagüez.

No. 574.—Decided March 10, 1911.

Injunction—Condemnation Proceedings—Damages.—An action for the recovery of damages caused by the illegal occupation of a parcel of land under a writ of injunction subsequently vacated should be prosecuted with entire independence of any condemnation proceeding which may be pending with reference to the same land.

Id.—Damages Caused in Cases of Injunction—When a Cash Security Is Given.—Although the action to recover damages caused in an injunction proceeding should be directed against the security previously furnished to guarantee said damages, such principle is not applicable where the security has not been furnished by sureties who must be sued, but deposited in money in the office of the court clerk, in which cases it is sufficient to direct the proceeding against the party who made the deposit, and the court, on rendering judgment, may order that the latter be satisfied out of the money deposited to guarantee the payment of said damages.

ID.—RECOVERABLE DAMAGES—COUNSEL'S FEES.—The plaintiff can recover only such immediate damages as may be determined with reasonable certainty, and among these damages a sum may be allowed for such fees of the plaintiff's attorney as the court may consider just and proper, in view of the evidence heard.

The facts are stated in the opinion.

Messrs. *Eduardo Acuña* and *José E. Figueras* for appellant.

Messrs. *N. B. K. Pettingill* and *F. L. Cornwell* for respondent.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is an appeal taken from a judgment of the District Court of Mayagüez rendered in an action to recover damages in connection with a certain writ of injunction issued by aforesaid court.

As appears from the record José Vicente Quiñones, the plaintiff and appellant, is owner of a certain rural estate situated in San Germán and of certain establishments for the manufacture of *muscovado* sugar standing thereon.

The American Railroad Company of Porto Rico, the defendant and respondent, was engaged in the construction of a branch road between Hormigueros and San Germán, and in the prosecution of its works it entered into the plaintiff's estate. The latter resisted, whereupon the defendant company applied to the district court and obtained a writ of injunction against the plaintiff and, under the authority of such writ, prosecuted its works to their termination, finally occupying with their tracks 2,844.40 square meters of the plaintiff's estate. In order to have the injunction issue, the defendant had furnished a cash security in the sum of $1,300, deposited with the clerk of the court.

The plaintiff having appealed from the writ of injunction to this Supreme Court, the same was vacated, the plaintiff being again placed in possession of his lands occupied by the defendant company.

The plaintiff brought the present suit to recover the sum of $3,500 as indemnity "for damages caused by reason of

the writ of injunction to which reference has been made'';
and while this suit was being prosecuted and decided, there
was another pending before the same court between the same
parties, *in re* condemnation of the same strip of land occupied
by the defendant company.

The defendant company demurred to the complaint, and
the court having overruled its demurrer, the defendant then
filed its answer. The hearing was commenced before the
district judge and continued before a master appointed by
the judge.

The report of the master contains the following conclusions:

"Your arbiter is therefore of opinion and accordingly decides:

"1. That the element of damages in $2,000 of prospective profits
of the mill, for one crop, demanded in the complaint, cannot be considered in the present case, or, at least, until a final decision has
been rendered in the main action upon condemnation; and

"2. That the sum of $1,500, also demanded in said complaint, can
neither be taken into account in this case, because the remedy available by the plaintiff to recover counsel's fees is an action based on
the security furnished in the injunction proceedings, or perhaps in an
action for malicious prosecution, should the facts be sufficient to warrant such action.

"In view of the possibility that the Supreme Court should decide
the condemnation case so as to permit the plaintiff herein to recover
at least in part upon the grounds set forth in this action, your arbiter
suggests, without venturing any pronouncement, that it would be
advisable, for the convenience both of the court and of the parties, to
abstain from passing upon this case until there has been a final adjudication in the condemnation matter.

"Your arbiter desires to bring to the mind of the parties and of
the court that it is not his purpose, through anything said in this
report, to impair in the least the right of the plaintiff to recover in
one or more adequate actions all the legal damages sustained by him,
by reason of the unlawful entry upon, and appropriation of, his
real property by the defendant company."

And the judgment of the court reads as follows:

"Whereas, this case was called up for trial on December 21, 1909, and after the hearing of the evidence for the plaintiff had begun it was agreed between the parties and the court that the rest of the evidence should be taken before a delegate of the court (master);

"Whereas, on the same day the court appointed Attorney Benjamin J. Horton to act as master in this case, with the duty of hearing the remaining evidence of both parties and to present a certified copy thereof to the court, and in view of said evidence and that already taken, and of the briefs filed by both parties, to recommend to the court his conclusions of fact and of law;

"Whereas, the master, Attorney Horton, on February 14, 1910, presented his report, dated 11 of the same month, which has been duly considered by the court, and his decisions found to agree with the evidence and the law and jurisprudence applicable to the case;

"Whereas, the jurisprudence set forth in the case of *Acevedo* v. *Orr*, 100 Cal., 293, and in other cases applicable hereto, is conclusive, and in accordance therewith, the complaint in the present case does not lie in the terms in which it has been indited.

"Therefore, the court dismisses the complaint, with no special imposition of costs, reserving to the plaintiff his right to recover, either in an action based on the security furnished in the injunction proceedings or through any other adequate action, all the legal damages sustained by him resulting from the invasion and unlawful appropriation of his property by the defendant company."

Was the court right in acting as it did, or should it have rendered judgment finally determining the rights of the parties on the merits of the allegations and of the evidence produced?

After a careful examination of the facts, we are of the opinion that although this action is related to that prosecuted for the condemnation of the strip of land occupied by the defendant company, both may be decided independently.

What the plaintiff claims in this action is indemnity for damages alleged to have been caused to him by the defendant through the unlawful occupation of his lands, which damages the plaintiff estimates in $2,000, because he was thereby prevented from grinding the canes in his establishments during December, 1908, and the succeeding months,

and in an additional sum of $1,500 for fees which he had to pay to his attorneys.

In the other action, namely, the one referring to condemnation, it shall be determined in the final judgment that may be handed down, not only whether the plaintiff company has a right to condemn the property in question, but also what sum the plaintiff shall have to pay to the defendant. In order to determine said sum account must be had of the provisions of section 355 of the Revised Civil Code, namely, that the indemnification shall comprise, not only the value of the thing whereof the owner is deprived, but also a compensation for any damages and injuries which may be caused him by the deprivation of the property.

But such damages, we repeat, are not those that are specified in this case. What is claimed herein are the damages caused, as alleged, by the acts of the defendant company in occupying the land of the plaintiff without his consent and under the authority of a writ which was subsequently vacated, and not in consequence of a condemnation judgment.

The defendant herein should have begun by obtaining the consent of the plaintiff, and in case of a refusal, by instituting condemnation proceedings and prosecuting the same until a judgment in his favor had been secured. This the defendant failed to do; it entered upon the lands of the plaintiff without the owner's consent, and when the owner resisted it secured a writ of injunction and furnished security against such damages as might be caused the owner. Said damages, and no others, are the ones sought to be recovered in this action.

"* * * and provided that within two days from the one after the date of this decision (said the District Court Court of Mayagüez while refusing to dissolve the injunction in question), the American Railroad of Porto Rico, plaintiff, shall increase by $1,000 more the security for $300 which it has furnished, to guarantee to the defendant such damages as may be caused him by the writ of injunction; * * *."

And pursuant to the decision of the court, the American Railroad Company delivered to the clerk of the court the required $1,000 in cash, accompanied with a writing which reads as follows:

"Complying with the order of this court, dated August 13, 1908, I herewith hand you the sum of $1,000 as cash security, so that said court may issue the writ of preliminary injunction referred to in said order, against the defendant, his agents, servants, etc., until the final determination of the condemnation proceedings instituted in this court by the plaintiff against the above-named defendant."

In the case of *Acevedo* v. *Orr,* 100 Cal., 293, cited in the judgment appealed from, the doctrine is laid down that in order to claim damages caused in an injunction suit the action must be directed against the sureties upon the injunction bond furnished to guarantee such damages. Said doctrine is sound, being based on the very nature of these proceedings; but in the present case there is no bond furnished by sureties necessarily to be proceeded against. The defendant company itself deposited in cash with the clerk of the district court the required security, and this being so, it is enough that the proceeding be directed, as has been done, against the defendant company, and the judge, in rendering judgment, may order that the same be satisfied out of the money deposited expressly for the purpose of guaranteeing such damages as might be caused by the issuance of the injunction.

The judgment appealed from should, therefore, be reversed, and conformably to the provision of section 306 of the Code of Civil Procedure, as amended in 1906 (Laws of 1906, p. 164), this Supreme Court must proceed to render such judgment as the court below should have rendered.

We have carefully examined the allegations and evidence taken, and are of the opinion that the latter does not show, in a satisfactory manner, that the plaintiff had been prevented from grinding in his mills during the crop of 1908

on account of the works constructed by the defendant on the lands of the plaintiff. Such works may have rendered the grinding difficult, since they reduced the area of the *plaza* (square) while the laying out of the *bagasse* and separation of the canes may have been done with less convenience, and the cane carts of some of the *colonos* (planters) may have had to go over a longer distance in order to reach the mill. But these difficulties were not of such a nature as to prevent the plaintiff from grinding in his mill had he decided to do so.

"Plaintiff can recover only such proximate damages as he can establish with reasonable certainty. He cannot recover for damages caused by his voluntary act or his omission to act when he should do so." (22 Cyc., 1049.)

The acts of the defendant were clearly unlawful and must have caused some damages to the plaintiff; but on the evidence produced—not accepting as element of damages the omission to grind during the 1908 crop—it is difficult to fix the amount of said damages, which, moreover, were not specifically alleged in the complaint. Only the fact that by reason of the acts of the defendant the plaintiff was compelled to resort to the courts, availing himself,.for the purpose, of the services of attorneys, appears to have been alleged and fully established.

The action of malicious prosecution not having been exercised, can the fees of the attorneys in this case be demanded? We think that they can, and it is to be so inferred from the very law on injunction in force in Porto Rico. (See the last paragraph (?) of section 10 of said law [Laws of 1906, p. 86]. See also 22 Cyc., 1053.)

In the record there is no evidence tending to show that the plaintiff paid for counsel fees in the injunction suit, in the district court and Supreme Court, the sum of $1,500. This sum seems to us excessive. No doubt the matter involved an important question of law, but we think that the sum of $1,000 satisfies said fees with reasonable liberality,

considering all the circumstances existing in this case in favor of the plaintiff and against the defendant.

Therefore the sum of $1,000 is the only one that the plaintiff should be adjudged to recover from the defendant in this case as an indemnity for the damages claimed therein.

*Reversed.*

Chief Justice Hernández and Justice Wolf concurred.

Justices MacLeary and Aldrey did not sit at the hearing of this case.