Mariani, Plaintiff and Appellant, v. Porto Rican Express Company, Defendant and Appellee.

Appeal from the District Court of San Juan, Section 1, in an Action for Damages for Malicious Prosecution.

No. 1640.—Decided July 20, 1917.

Malicious Prosecution—Advice of Attorney.—The law protects a person against a civil action for malicious prosecution if before making a complaint against another he reports fully and reasonably all the facts to an attorney of good reputation in the active practice of his profession and the attorney in good faith advises the client that he has grounds for causing the arrest of the offending person.

The facts are stated in the opinion.

*Mr. Carmelo Honoré* for the appellant.

*Messrs. Texidor & Martínez Alvarez* for the appellee.

Mr. Justice del Toro delivered the opinion of the court.

This is an action for damages for malicious prosecution. The plaintiff was employed by the defendant as express messenger on Train No. 3 of the American Railroad Company and it was his duty to superintend the transportation of the goods and merchandise entrusted to the defendant. A certain typewriting machine, alleged to have been delivered to the plaintiff as such employee, did not reach its destination. An investigation was made and it could not be found, whereupon the defendant, acting without probable cause and with malicious intent, as alleged by the plaintiff, but with sufficient cause and after consulting its attorney, as alleged by the defendant, charged the plaintiff with embezzlement. He was arrested on the charge and later the prosecuting attorney filed an information against him. Finally he was tried before a jury and discharged by the court after a verdict finding him not guilty.

After the trial of his action for damages the court rendered judgment dismissing the complaint with the costs against the plaintiff.

In its opinion the trial court expressed itself as follows:

"In our opinion there were circumstances in this case which

might have led the defendant corporation to believe in good faith that the plaintiff was guilty. The evidence shows that the defendant corporation, by its representative and superintendent, explained the whole matter to its attorney, Texidor, who concluded that it was a case of embezzlement, of which Mariani was guilty, and advised that he ·be prosecuted. The complaint was made and the district attorney prosecuted the case on an information, the plaintiff being acquitted. It is an established general rule that in an action for malicious prosecution the defendant may make out the complete defense of probable cause by showing that he submitted to his attorney a statement of the facts concerning the guilt of the accused; that in good faith he received advice to make the complaint, and that he did so later in accordance with that advice. 26 Cyc. 31; *Sandell* v. *Sherman,* 107 Cal. 391; *Jones* v. *Jones,* 71 Cal. 89; *Levy* v. *Brannan,* 39 Cal. 485; *Johnson* v. *Miller,* 69 Iowa, 562.

"We have examined carefully all the evidence introduced and are of the opinion that in this case judgment should not be given against the defendant, because the plaintiff has not *proved* malice and lack of probable cause."

We have considered the pleadings and the evidence and find that the conclusions of the trial court are justified. Therefore, and in view of the jurisprudence laid down by this court in the case of *Torres* v. *Ramírez,* 24 P. R. R. 817, the appeal should be dismissed.

The jurisprudence established in the case of *Torres* v. *Ramírez, supra,* which we now ratify, is as follows:·

"* * * the law protects a man against a suit for malicious prosecution if, before he complains of another, he makes a full and fair disclosure of all the facts to an attorney, let us say, in active practice and of fair reputation, and the latter in good faith advises the client that he has cause to have the alleged offending person arrested."

The evidence regarding the consultation is to be found in the testimony of William J. Salvá, superintendent of the defendant company, and of Attorney Texidor himself, as follows:

"WILLIAM J. SALVÁ.—That the case was submitted to the company's attorney, Texidor, with the data obtained by inspector Bus-

quets and the police, and the said attorney concluded that he would be justified in making a complaint against Mariani, which was done. * * * That after collecting all the facts witness consulted the company's attorney, Texidor, and submitted them to him, and the attorney thought he would be justified in prosecuting Mariani.

"Jacinto Texidor.—That he has been an attorney-at-law practicing in Porto Rico since 1894 and has never been disciplined by the courts; that he has been the attorney for the Porto Rican Express Company for three or four years; that Salvá, representing the said company, consulted him in this case and laid before him all the facts and the documents, the way-bills signed by Mariani, letters from the latter, answers thereto, investigations and results of the same, and that he honestly and firmly believed that Mariani had appropriated the machine or allowed another person to appropriate it for him; that he counseled a prosecution in order to punish the culprit * * *. That he conscientiously believed and still believes that Ramón Mariani did not act as was his duty to act, but in such a manner as to create suspicion that he was the perpetrator of the theft, inasmuch as he did not even give notice of the loss; that he knows from experience that when the express messengers lose a package and the way-bill does not agree with the number of packages delivered, they give notice of the loss by telephone from the next station."

The judgment appealed from should be

*Affirmed.*

Chief Justice Hernández, and Justices Aldrey and Hutchison concurred.

Mr. Justice Wolf took no part in the decision of this case.