[Civ. No. 38325. Second Dist., Div. Two. Feb. 14, 1972.]

DAVID B. DICKEY, Plaintiff and Respondent, v.
FRANK ROSSO et al., Defendants and Appellants.

**COUNSEL**

Mazirow, Schneider & Forer and Herbert L. Forer for Defendants and Appellants.

Jones & Wilson and George W. Coleman for Plaintiff and Respondent.

**OPINION**

**FLEMING, J.**—David B. Dickey, on behalf of himself and all other home-owners and residents of Palos Verdes Estates, brought this action against Frank and Ellen Rosso to enjoin the Rossos from building a house of a particular design in Palos Verdes Estates. The trial court granted temporary restraining orders and then a preliminary injunction against the Rossos. But after a hearing on the merits the trial court found in favor of the Rossos, refused to issue a permanent injunction, dissolved the preliminary injunction, and awarded the Rossos damages against Dickey for the delay in construction caused by this action. Although the parties stipulated that damages exceeded $2,000, the trial court limited its award to $2,000, the value of a bond posted in support of one of the temporary restraining orders. The Rossos appeal.

### The Legal Framework

"On granting an injunction, the court or judge must require . . . a written undertaking on the part of the applicant, with sufficient sureties, to the effect that he will pay to the party enjoined such damages, *not exceeding an amount specified,* as such party may sustain by reason of the injunction, if the court finally decides that the applicant was not entitled thereto." (Code Civ. Proc., § 529; italics added.) On granting a temporary restraining order, the court may also require an undertaking. (*Biasca* v. *Superior Court,* 194 Cal. 366 [228 P. 861].)

"After trial and final decision that the party in whose behalf such restraining order or injunction was issued was not entitled thereto, the liability of such party and his surety or sureties, if any, may be enforced on motion filed in the trial court, without the necessity of an independent action." (Code Civ. Proc., § 535.)

### Chronology of Events

28 November 1969: The trial court issued a temporary restraining order requiring $2,000 surety bond or $4,000 personal bond.

1 December 1969: Dickey posted a $2,000 surety bond.

11 December 1969: The trial court dissolved the temporary restraining order and issued a new temporary restraining order requiring $2,000 surety bond or $4,000 personal bond. No bond was posted, and the trial court later dissolved this new temporary restraining order.

17 December 1969: The trial court issued another temporary restraining order requiring $2,000 surety bond or $4,000 personal bond. Dickey posted a $2,000 surety bond the same day.

13 January 1970: The trial court issued a preliminary injunction. It later ordered (1) that bond be fixed at $2,000 surety bond and that the surety bond in support of the 17 December 1969 temporary restraining order become the bond for the preliminary injunction, and (2) that the surety bond posted 1 December 1969 on the initial temporary restraining order be exonerated. The trial court denied Rosso's motion to increase the amount of the bond on the preliminary injunction.

14 January 1970: Trial on the merits began.

17 February 1970: The trial court discovered that its orders of 13 January 1970 were in error, and ordered (1) that a new $2,000 surety bond be posted in support of the preliminary injunction, and (2) that the

$2,000 surety bond posted 1 December 1969 on the initial temporary restraining order be reinstated. The trial court denied Rosso's motion to increase the bond on the preliminary injunction. Dickey never posted either bond.

18 February 1970: Trial ended with judgment for defendants Rosso.

20 October 1970: The trial court awarded the Rossos $2,000 damages based on $2,000 surety bond posted on 17 December 1969 temporary restraining order.

## Issues

The Rossos contend (1) the injunctive procedure which sets the amount of the undertaking and limits recovery of damages to the amount of the undertaking is obsolete, (2) the injunctive procedure violates due process of law, (3) Dickey waived any limitation on the amount of his liability for damages, and (4) the Rossos are entitled to additional damages under the undertaking posted 1 December 1969.

### 1. Injunctive Procedure

■ The Rossos contend that limitation of damages for improper issuance of an injunction to the amount of the undertaking is an outmoded court-imposed rule which should be revised in conformity with judicial decisions in other jurisdictions.

The contention is without merit. A defendant's common law right to be made whole at the conclusion of litigation is limited to an independent action for abuse of process or malicious prosecution. His right to recover damages caused by an improperly issued injunction on his mere showing that such damage occurred, is a purely statutory rule in California, embodied in Code of Civil Procedure sections 529 and 535 (set out in relevant part above). *Robinson* v. *Kellum,* 6 Cal. 399, relied on by Dickey, clearly holds that damages which result from the lawful exercise of process amount to injury without damage, and for such damages a defendant is limited to the remedy provided by statute.

### 2. Due Process of Law

■ The Rossos contend that the limitation of damages for the improper issuance of an injunction to the amount of the undertaking violates due process of law. They argue that the legal procedures for the use of injunctive remedies fail to make them whole for all losses the use of these remedies may have caused them and that no effective means were given

them to challenge the trial court's determination of the amount of the undertaking.

We find no merit in this argument. In creating legal procedures for use of the provisional remedy of injunctive relief the state has two conflicting interests to balance—that of defendants, who should be compensated for damage caused by legal procedures whose use is later shown to have been unjustified; and that of honest plaintiffs, who should not be deterred from using the courts by fear of incurring unlimited liability from their use of the court's process. The state has established an entirely reasonable scheme for the use of injunctive relief, in that plaintiff is told in advance what his maximum summary liability will be for making use of the court's injunctive powers pending a determination of the merits of his cause, and defendant is provided an opportunity to make a showing what the amount of his damages is likely to be as a consequence of plaintiff's use of the remedy of injunctive relief. Thereafter the court fixes the amount of the undertaking in connection with the use of injunctive relief. If at a later time defendant discovers further possibilities of damages arising during the pendency of the litigation and makes a proper showing of the possibility of such damages, the court may require plaintiff to increase the amount of his undertaking as a condition of the continuance of injunctive relief. (*Asevado* v. *Orr,* 100 Cal. 293, 298 [34 P. 777].) The possibility that damages might be inestimable, a possibility not apparent here, is outweighed by the need to provide honest plaintiffs with recourse to the courts.

Twice the Rossos requested the trial court to increase the amount of the undertaking on the preliminary injunction. Twice the trial court in its sound discretion rejected their request. The Rossos did not seek to challenge the trial court's exercise of its discretion by writ or by appeal, and consequently the cause of their present discontent lies not in lack of effective process but in lack of effective use of existing process.

 *Randone* v. *Appellate Department,* 5 Cal.3d 536 [96 Cal.Rptr. 709, 488 P.2d 13], and related cases, do not support the Rossos' position, but rather reaffirm "the principle that an individual must be afforded notice and an opportunity for a hearing before he is deprived of any significant property interest, and that exceptions to this principle can only be justified in 'extraordinary circumstances.' " (5 Cal.3d at p. 541.) A temporary restraining order can be granted without hearing and notice only upon a showing that "great or irreparable injury would result to the applicant before the matter can be heard on notice." A preliminary injunction may be granted only upon notice, hearing, and posting of an undertaking to

cover damage if a permanent injunction is not granted. (Code Civ. Proc., §§ 527, 529, 535.) These requirements satisfy the dictates of *Randone*.

### 3. *Waiver*

■ The Rossos argue next that Dickey waived a limitation of the amount of damages under the statutes because Dickey failed to post undertakings as ordered by the court on 13 January and as he promised to do on 17 February.

We disagree. The Rossos' remedy in those circumstances was to obtain a dissolution of the injunction. (Code Civ. Proc., § 529.) Failure to post an undertaking merely precludes a litigant from obtaining an injunction; it does not subject him to liability for damages which may accrue while his opponent allows the injunction to stand. If the Rossos believe Dickey did not act in good faith, their remedy lies in an action for abuse of process or for malicious prosecution.

### 4. *1 December Undertaking*

■ Finally, the Rossos contend they are entitled to the damages they can prove under the 1 December undertaking. We agree. Dickey posted a $2,000 surety bond on 1 December which remained in effect until the initial temporary restraining order was dissolved on 11 December. The trial court found that the only bond upon which the Rossos could rely was the bond of 17 December posted on a later temporary restraining order. We see no reason why the Rossos may not also recover damages, if any, arising under the 1 December bond. Dickey argues that the trial court found there were no damages under the 1 December bond, but the record is clear that the trial court did not conduct a hearing or make a finding as to damages or lack of damages under that bond. The Rossos are entitled to an opportunity to prove damages, if any, arising under the 1 December bond and covering the 10-day period from 1 December to 11 December 1969.

The judgment is affirmed to the extent it awards $2,000 damages to the Rossos on the 17 December 1969 surety bond. The judgment is reversed solely for a determination of the amount of additional damages, if any, to be awarded the Rossos on the 1 December surety bond. The parties will bear their own costs on appeal.

Roth, P. J., and Herndon, J., concurred.

A petition for a rehearing was denied March 6, 1972, and appellants' petition for a hearing by the Supreme Court was denied April 12, 1972.