[Civ. No. 20108. Third Dist. Mar. 17, 1982.]

SPECIAL EDITIONS, Plaintiff and Respondent, v.
JAMES F. KELLISON, Defendant and Appellant;
FIDELITY AND DEPOSIT COMPANY OF MARYLAND,
Objector and Respondent.

804

COUNSEL

Vernon K. Deming for Defendant and Appellant.

Buchalter, Nemer, Fields, Chrystie & Younger and Bernard E. LeSage for Plaintiff and Respondent.

Sedgwick, Detert, Moran & Arnold, David E. Bordon and Mark S. Unger for Objector and Respondent.

OPINION

PUGLIA, P. J.—The question presented is whether a defendant, who competently alleges he was damaged by voluntary compliance with a temporary restraining order with which he was never served, is entitled to prove his damages in a proceeding to enforce the liability of the surety after the complaint for injunction has been dismissed on plaintiff's motion. We hold that he is.

Prior to July 26, 1980, defendant, James F. Kellison, was president and a member of the board of directors (board) of plaintiff Special Editions (Special Editions), a California corporation engaged in the business of designing, producing and marketing custom automobiles. Apparently, there was disagreement among the members of the board over the manner in which defendant conducted the affairs of the corporation. On July 26, 1980, a majority of the board voted to remove defendant as president and as an employee of the corporation and to move the business operations from Lincoln, California, to southern California.

On the day following his ouster, defendant went to the corporate premises and removed fixtures, assets, books and records, etc. On July 28, 1980, Special Editions filed a complaint for conversion and injunctive relief, and an "application for temporary restraining order and order to show cause re preliminary injunction." That same day, the trial court issued an order to show cause directed at defendant, and a temporary restraining order (TRO) compelling defendant to "return all valuables taken from Special Editions" and restraining defendant from removing, encumbering or "otherwise affecting title or possession of all valuables of Special Editions and all monies in any bank account of

Special Editions ... in Placer National Bank and/or Bank of America, Lincoln Branch."

The trial court ordered Special Editions to serve defendant no later than July 30, 1980, with copies of the complaint, application and supporting points and authorities, order to show cause, and TRO, and to file a bond in the amount of $100,000. On July 29, 1980, Fidelity and Deposit Company of Maryland (Fidelity), issued an undertaking in the sum of $100,000 on behalf of Special Editions. (Code Civ. Proc., § 529.) The undertaking was filed with the trial court the same day.

Despite attempts at personal service, neither the complaint, summons, nor TRO was served on defendant. Copies of the complaint and TRO were left with the secretary of defendant's attorney but she declined to accept service on defendant's behalf. Defendant asserts, however, that he was informed by his attorney of the TRO the day the order was issued. Although defendant did not return any of the property he had removed from the corporate premises, he refrained from removing any other property. Indeed, after securing the TRO, Special Editions removed the remaining corporate assets and records to its new headquarters in southern California.

On August 1, 1980, Special Editions requested dismissal of the action and on August 18, 1980, dismissal without prejudice was entered. On that same day, defendant filed an answer and a cross-complaint seeking damages for fraud and breach of contract.[1]

On October 15, 1980, defendant filed a "Notice of Motion and Motion To Enforce Liability of Surety." (Code Civ. Proc., § 535.) Opposition to the motion was filed by both Special Editions and Fidelity. Following oral argument, the trial court found that an effective temporary restraining order was not obtained "because of the lack of legal service," and that the issue of damages presented a triable issue of fact. Citing the findings as reasons, the trial court denied the motion to enforce liability of surety. This appeal followed.

---

[1]Some confusion exists whether the dismissal of the complaint was entered prior to defendant's filing of his cross-complaint, since both occurred on the same date. To alleviate any confusion, Special Editions has offered to stipulate to vacate the dismissal in order to ensure that defendant may proceed on his cross-complaint against Special Editions. We leave this problem to be worked out by the parties, since it does not affect nor is it affected by our resolution of the issues presented in this appeal, which are concerned solely with the trial court's ruling on defendant's motion to enforce liability of surety.

Code of Civil Procedure section 535 provides that upon the filing of a motion to enforce liability of surety, the trial court may rule upon the merits of the motion only if (1) no opposition to the motion is presented, or (2) the opposition fails to demonstrate the existence of any triable issue of fact as to the claim of damages suffered as a result of issuance of an order or injunction to which plaintiff was not entitled.[2] If, however, the moving papers in opposition to the motion show "such facts as may be deemed by the judge . . . to present a triable issue of fact," the court may not rule on the merits of the motion but must instead specify the issues to be tried and set a time for trial at "the earliest date convenient . . . ." (Code Civ. Proc., § 535.) ██ Here, the showing in opposition to the motion convinced the trial court that a triable issue of fact exists as to the issue of damages and the court so found. In light of this finding, which is clearly supported by the record, it was error for the court to rule on the merits of the motion.

Fidelity argues the motion to enforce liability of surety was premature, since section 535 provides the motion is to be made "after trial and final decision that the party in whose behalf such restraining order or injunction was issued was not entitled thereto." In light of Special Editions' voluntary dismissal of the action, Fidelity argues there has been neither a trial nor a final determination that Special Editions was not entitled to the TRO. We disagree. Notwithstanding the "trial and

---

[2]Code of Civil Procedure section 535 provides: "Whenever any security is given in the form of a bond, undertaking, or deposit pursuant to Section 1054a for the issuance of any temporary restraining order or preliminary injunction, each surety or, in the case of a deposit pursuant to Section 1054a, the party who makes such deposit, submits himself to the jurisdiction of the court in all matters affecting his liability on the bond, undertaking or deposit. After trial and final decision that the party in whose behalf such restraining order or injunction was issued was not entitled thereto, the liability of such party and his surety or sureties, if any, may be enforced on motion filed in the trial court, without the necessity of an independent action. Notice of the motion shall be served on the persons whose liability is sought to be enforced at least 30 days prior to the time set for hearing of the motion. The notice shall state the amount of the claim and shall be supported by affidavit or affidavits setting forth the facts on which the claim is based. Judgment may be entered in accordance with the notice against the person or persons served therewith, unless such person or persons shall serve and file an affidavit or affidavits in opposition to the motion showing such facts as may be deemed by the judge hearing the motion sufficient to present a triable issue of fact. If such showing is made, the issues to be tried shall be specified by the court and trial thereof shall be set for the earliest date convenient to the court, allowing sufficient time for such discovery proceedings as may be requested. Trial by jury shall be waived unless demand therefor is served and filed not later than 10 days after notice of the order fixing the trial date. Affidavits filed pursuant to this section shall conform to the standards prescribed for affidavits filed pursuant to Section 437c."
Hereafter, all statutory references are to sections of the Code of Civil Procedure.

final decision" condition of section 535, it is unnecessary in every case that a trial be held on the issue of whether the plaintiff was entitled to the order or injunction. A plaintiff's voluntary dismissal of the action has the same effect as a decision of the court that plaintiff was not entitled to the injunction (*Asevado v. Orr* (1893) 100 Cal. 293, 299 [34 P. 777]) and, for the purpose of a suit against the surety, constitutes a final decision against the plaintiff. (2 Witkin, Cal. Procedure (2d ed. 1970) Provisional Remedies, § 114, pp. 1543-1544.)

While acknowledging the holding in *Asevado, supra,* Fidelity argues *Asevado* must be limited to cases where the dismissal was with prejudice.[3] Fidelity argues that a voluntary dismissal, *without prejudice* (such as was made in this case), cannot operate as a final determination that the order or injunction was wrongfully issued, since a dismissal without prejudice does not constitute a dismissal on the merits and is thus not determinative of any one issue. A similar assertion was made and rejected in *Mitchell v. Sullivan* (1883) 30 Kan. 231 [1 P. 518]: "As the judgment of dismissal terminated the proceedings, and had the same effect upon the rights of the parties as if a motion to dissolve the injunction had been sustained, and as the judgment of the dismissal was the final action of the court, so far as the temporary injunction was concerned, this was equivalent to the court finally deciding that the plaintiff was not entitled to the injunction order. While the dismissal of the case without prejudice does not preclude a plaintiff from bringing a new action, the dismissal ends, and disposes of the order of injunction allowed at the commencement thereof, or granted during the litigation, as the order cannot be revived or renewed at the mere will of the plaintiff. If the plaintiff brings a new action, and seeks to restrain the commission or continuance of some act, the commission or continuance of which during the litigation will, as he alleges, produce injury to him, he must make a showing *de novo* for any new temporary injunction or restraining order. [Citations omitted.] If the law were otherwise, a party might commence his action, obtain a temporary injunction, execute his undertaking, put the defendant to great trouble, inconvenience, and expense, and then, after all the evidence in his case was presented, relieve himself from liability upon the injunction undertaking by simply dismissing his action before the final submission of the case to the jury or to the court. In such a case the undertaking would be no protection

---

[3]*Asevado* does not make clear whether the voluntary dismissal in that case was with or without prejudice, or whether any distinction should be made for purposes of a later suit against the surety. (See 100 Cal. at pp. 296-297.)

to a defendant." (*Id.*, at p. 519.) We find the *Mitchell* analysis compelling and fully dispositive of Fidelity's contention to the contrary.

Finally, Fidelity asserts defendant may not recover against the bond, because the trial court determined an effective temporary restraining order was not obtained due to lack of legal service. While it is clear that a court may not punish an individual for disobedience of an order which was not served or of which the individual was not otherwise legally apprised (e.g., *Phillips* v. *Superior Court* (1943) 22 Cal.2d 256, 258 [137 P.2d 838]; 2 Witkin, Cal. Procedure, *op. cit. supra*, §§ 99, 100, pp. 1532-1533), we have been cited to no authority which provides an individual must be legally bound by the terms of an order or injunction before he is entitled to proceed against the surety. The reason for the lack of any authority is obvious; a motion pursuant to section 535 is not concerned with whether an "effective" order or injunction was issued, but rather with whether the person restrained knew of and complied with the terms of an improvidently issued order or injunction and suffered damages as a result. Because a motion to enforce liability of surety is concerned only with the *relief* to which one may be entitled as a result of an improvidently issued order or injunction, personal jurisdiction over the enjoined party is not a prerequisite to such an action.

We conclude by adding that nothing in the foregoing discussion is intended to indicate an opinion as to the merits of defendant's motion to enforce liability of surety. It will be defendant's burden at trial to prove that (1) he received notice of the injunction, (2) acted in conformity with its terms and (3) thereby suffered a determinate amount of damage.

The judgment (order) is reversed.

Blease, J., and Warren, J.,* concurred.

A petition for a rehearing was denied April 12, 1982, and the petition of objector and respondent for a hearing by the Supreme Court was denied May 26, 1982. Reynoso, J., did not participate therein.

---

*Assigned by the Chairperson of the Judicial Council.