Filed 9/21/16  Hackard v. Holt CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| MICHAEL A. HACKARD, | |
| Petitioner and Respondent, | C075578 |
| v. | (Super. Ct. No. 34200800021853CUCOGDS) |
| JULIAN HOLT et al., as Co-administrators, etc., | |
| Objectors and Appellants; | |
| SUSAN SMITH, as Trustee in Bankruptcy, etc., | |
| Respondent. | |

In 2008, Michael A. Hackard sued Theodor J. Holt (his law partner) and Hackard & Holt (the law partnership) based on allegations Holt was unable to manage the partnership.  Hackard obtained a preliminary injunction that barred Holt from interfering with management of the partnership.  The trial court conditioned the preliminary

1

injunction on Hackard posting a $100,000 undertaking.  The $100,000 undertaking is the sole object of this appeal.

Holt died five weeks after Hackard posted the undertaking, but his estate has continued to represent his interest.  In 2009, the Holt estate filed a cross-complaint against Hackard for fraud, conversion, and breach of contract.  In 2012, the Holt estate filed motions to lift the stay and dismiss, or alternatively to impose a new stay and to release the undertaking to the estate.  The Holt estate filed these motions to dispose of this case because it sought to litigate the issues presented in this case in a different case: a probate action for Holt's estate.  In essence, the Holt estate sought to transfer the issues from this case to the probate action, which Holt's heirs intended to serve as a global resolution for matters related to Holt's estate.

In this case, Hackard agreed to the dismissal on the conditions (1) the dismissal does not constitute a judgment that the preliminary injunction was wrongfully issued, (2) the undertaking is released to the bankruptcy trustee, and (3) the parties bear their own fees and costs.[1]  In November 2012, the trial court dismissed the case and released the undertaking in Hackard's favor by ordering the undertaking to be transferred to Susan Smith, who serves as the bankruptcy trustee for the now-defunct partnership.  The

---

[1]    We note the unusual nature of defendant Holt estate's voluntary dismissal that purported to dismiss the entire case – including the complaint for which it was the defendant.  Ordinarily, a defendant cannot unilaterally enter a voluntary dismissal of causes of action against it.  In this case, however, plaintiff Hackard's agreement to the dismissal of the entire action rendered the voluntary dismissal effective – akin to an agreement to dismiss by both parties.  (See Code Civ. Proc., § 581, subd. (b)(2) [providing that a case may be dismissed "[w]ith or without prejudice, by any party upon the written consent of all other parties"].)

Undesignated statutory references are to the Code of Civil Procedure.

2

bankruptcy trustee continues to hold the undertaking in her capacity as bankruptcy trustee.

The Holt estate appeals, arguing (1) the trial court violated sections 529 and 996.440 by granting Hackard's motion to release the undertaking, (2) the order was procedurally defective because Hackard did not give the statutorily required 30-day notice for the hearing on the motion to release the undertaking, (3) the trial court lacked discretion to release the undertaking to the bankruptcy trustee before expiration of the Holt estate's one-year window of opportunity to move for receipt of the undertaking under section 996.440, subdivision (b), (4) Hackard failed to meet his burden of proof because he did not submit any of the evidence required for release of the undertaking in his favor, and (5) Hackard should be found liable on the undertaking for his misconduct before and during the litigation.

We conclude the Holt estate's voluntary dismissal of this case-- including the claims raised in the Holt estate's cross-complaint -- precluded it from continuing with the estate's claim of damages arising out of the granting of the preliminary injunction. The argument that Hackard gave insufficient notice was forfeited when the Holt estate appeared at the hearing and argued the merits of the motion without objecting on grounds of notice or requesting a continuance. Because the Holt estate forfeited its claim to the undertaking by voluntarily dismissing the case, the one-year period for enforcement by a prevailing defendant does not apply. Instead, the trial court properly released the undertaking to the bankruptcy trustee because the purpose for the undertaking automatically expired upon the granting of the Holt estate's motion for voluntary dismissal. The automatic expiration of the undertaking at the end of the case obviated the need for Hackard to prove he was entitled to the return of the undertaking. Even so, Hackard properly filed declarations that supported the trial court's order the undertaking

3

be released to the bankruptcy trustee because the undertaking had become part of the partnership's bankruptcy estate. Finally, we reject the Holt estate's argument it suffered damages in this case as that claim was extinguished when Holt's estate moved for voluntary dismissal of the case.

FACTUAL AND PROCEDURAL HISTORY

In September 2008, Hackard filed a complaint for breach of fiduciary duty, breach of contract, accounting, and mandatory injunctions. The complaint named Holt and the Hackard & Holt partnership as defendants. Shortly after filing his complaint, Hackard applied for a preliminary injunction enjoining Holt from managing or interfering with the management of the partnership. In October 2008, the trial court granted the preliminary injunction but required Hackard to post a $100,000 undertaking. Holt died approximately five weeks after the granting of the preliminary injunction.

On August 12, 2009, the Holt estate filed a cross-complaint against Hackard for fraud, conversion, and breach of contract. A week later, the partnership filed a petition for bankruptcy under chapter 7 of the United States Bankruptcy Code. Smith was appointed as the bankruptcy trustee.

On September 12, 2012, the Holt estate filed in superior court a motion "to lift the stay and dismiss the Complaint, or alternatively to put in place a new stay pending resolution of the Theodore J. Holt probate action . . . ." In support of the motion, the Holt estate stated that "the reason for the stay has expired and it should be lifted if it has not expired by its own terms. [¶] Next, because the present case is one of two which involve the same parties, facts, issues, and claims, this motion raises the issue of priority in regard to which case should proceed first. [¶] In the present case [Hackard] sought an injunction granting him control of the [partnership] and displacing his partner [Holt] as manager. This Court granted the injunction in October 2008. Ted Holt passed away in

4

November 2008.  The [partnership] entered Chapter 7 bankruptcy in August 2009.  In sum, in the present suit Hackard seeks control of a defunct firm from a deceased partner.  The case is moot."

On the same day, the Holt estate filed a separate motion requesting the release of the undertaking to the Holt estate.  The Holt estate asserted the motion was based on "the material misrepresentations made to the Court in the injunction application by Michael Hackard regarding a multi-million dollar promissory note, as well as the huge sums removed from Hackard & Holt by Michael Hackard, the lack of progress in advancing the firm's cases, the release of key staff which [e]nsured that no progress would be made, and the placing of the Hackard & Holt firm in bankruptcy, all of which damage caused damage to Theodore J. Holt and the Theodore J. Holt estate."

Hackard responded by supporting the motion to dismiss and opposing the motion to release the undertaking to the Holt estate.  The response stated, "Hackard supports a dismissal of the case so long as (i) the dismissal does not constitute a judgment that the preliminary injunction was wrongfully issued; (ii) the $100,000 undertaking is released to the Chapter 7 Trustee in the bankruptcy estate of Hackard & Holt, to whom the undertaking has been assigned pursuant to the terms of a settlement approved by the Bankruptcy Court; and (iii) the parties bear their own fees and costs."

Also in September 2012, the bankruptcy court approved a settlement agreement among the partnership's creditors and directed the bankruptcy trustee to take steps to obtain the release of the undertaking to the bankruptcy estate of the partnership.  The bankruptcy court's order states that "hereafter the [bankruptcy estate of the partnership] and not Michael A. Hackard shall own whatever interest Michael A. Hackard had in the Undertaking."  The parties to the bankruptcy proceeding signed a compromise that noted, "the Preliminary Injunction in the Superior Court Action is moot and no longer necessary

5

to protect any person's interest." The Holt estate, however, was not a party to the bankruptcy compromise.

The superior court conducted a hearing on the Holt estate's motions for voluntary dismissal and to release the undertaking. In November 2012, the trial court granted the motion to dismiss. However, the trial court denied the Holt estate's motion to release the undertaking because there had been no finding the preliminary injunction had been wrongfully issued. In light of the dismissal of the case, the trial court reasoned there would be no case left in which to hear whether the preliminary injunction had been wrongfully issued.

In February 2013, the trial court amended its order to note that "the 'parties may adjudicate the release of the bond through the appropriate procedure set forth in [section] 996.440[, subdivision (a),] after entry of final judgment.' "

In August 2013, Hackard moved for an order withdrawing the undertaking and for release of the undertaking to the bankruptcy trustee. The Holt estate opposed the motion. After a hearing, the trial court tentatively granted the motion on October 18, 2013. The Holt estate moved for a stay of the release of the undertaking pending appeal. On December 10, 2013, the trial court issued a written order granting Hackard's motion. In pertinent part, the order explains:

"The $100,000 bond was funded by Hackard & Holt's secured creditor, Law Finance Group, Inc. ('LFG'). . . . Neither Holt nor the Holt estate ever appealed the issuance of or sought to dissolve the Preliminary Injunction Order. [¶] . . . [¶] "[Holt's estate] contend[s] that the preliminary injunction was wrongfully issued because Hackard did not admit that he owed the law firm $5,000,000 on a promissory note to the firm. [The Holt estate] contend[s] that Hackard's actions contributed to the death of Holt. [¶] [Hackard] contends that the Court has authority to release the bond to the bankruptcy

6

trustee because [Hackard] never incurred liability to [the Holt estate] and because [the Holt estate] cannot establish that the preliminary injunction was wrongfully issued. In addition, [Hackard] contends that the [Holt estate] can never establish any harm attributable to the injunction so as to give rise to a claim enforceable against the undertaking. This is because the partnership's debts were so great that any portion of the $100,000 that might have been payable, if [Holt's estate] could establish that the preliminary injunction was wrongfully issued, would be payable to the bankruptcy trustee. [¶] "[Holt's estate] contends it is entitled to recover on the bond under [section] 996.440. That section provides for a summary enforcement proceeding where liability of the principal has been determined giving rise to a presumption of enforceability against the bond or undertaking. The right to recover damages caused by an improperly issued injunction on a mere showing that such damages were incurred is a statutory procedure provided in California as an action on the bond [(section 529)]. This statutory procedure, which provides for a separate trial against the surety, may be invoked after a decision on the injunction becomes final (*Allen v. Pitchess* (1973) 36 Cal.App.3d 321.) . . . However, no such decision occurred here, and [Holt's estate] is therefore not entitled to move under . . . section 996.440 to recover on the Undertaking. To recover on an undertaking, a party must show that he [or she] sustained damages as a result of an order issued in a prior action which resulted in a final judgment. (*Nuclear Electronic Laboratories, Inc. v. William C. Cornell Co.* (1965) 239 Cal.App.2d 8.[)] Because there has been no decision that Hackard was not entitled to the injunction, there can be no liability on the bond pursuant to . . . section 996.440."

The trial court concluded by denying the Holt estate's "request to order the $100,000 bond be delivered to the court, as the bankruptcy trustee is the beneficiary of the bond pursuant to the bankruptcy settlement."

The Holt estate timely filed a notice of appeal from the trial court's order.

DISCUSSION

## I

### *The Trial Court's Order Releasing the Undertaking to the Bankruptcy Trustee*

The Holt estate contends the trial court misconstrued the Bond and Undertaking Law (§ 995.010 et seq.) in granting Hackard's motion to release the $100,000 undertaking[2] to the bankruptcy trustee. We disagree.

### A.

### *Release of an Undertaking after a Defendant's Motion for Voluntary Dismissal*

A court may require a plaintiff to post a bond or undertaking when granting a plaintiff's request for a preliminary injunction. (*Dickey v. Rosso* (1972) 23 Cal.App.3d 493, 496.) Subdivision (a) of section 529 provides in pertinent part that, "[o]n granting an injunction, the court or judge must require an undertaking on the part of the applicant to the effect that the applicant will pay to the party enjoined any damages, not exceeding an amount to be specified, the party may sustain by reason of the injunction, if the court finally decides that the applicant was not entitled to the injunction." The purpose of the undertaking " 'is to afford compensation to the party wrongly enjoined or restrained . . . .'

---

[2]     The terms "bond" and "undertaking" are often used interchangeably. However, they are distinguished by the individual or entity that gave them. "Section 995.190 defines 'undertaking' as 'a surety, indemnity, or like undertaking executed by the sureties alone.' The Comment explains that 'the only difference between a bond and undertaking is that an undertaking is executed by the sureties and not the principal.' (See also § 995.140, defining 'bond' as a 'surety, indemnity, fiduciary, or like bond . . . or like undertaking.') Under section 995.140, 'bond' includes 'undertaking,' and under section 995.210, bonds and undertakings, as the terms are used in the diverse statutes, are interchangeable unless specific language provides otherwise." (*Markley v. Superior Court* (1992) 5 Cal.App.4th 738, 747.) In this case, the $100,000 was given by a creditor of the partnership and we thus refer to it as an undertaking.

8

" (*Top Cat Productions, Inc. v. Michael's Los Feliz* (2002) 102 Cal.App.4th 474, 478, quoting *City of South San Francisco v. Cypress Lawn Cemetery Assn*. (1992) 11 Cal.App.4th 916, 922.)

The determination of who may receive the undertaking at the end of an action is governed by the Bond and Undertaking Law. "In 1982, the Legislature, following the recommendations of the California Law Revision Commission, enacted a comprehensive Bond and Undertaking Law to codify in one chapter the provisions relating to bonds and undertakings, the liabilities and responsibilities of the parties to those instruments, and the methods of enforcement that had previously appeared in various statutes and case law. By its terms, the statutory scheme applies to any 'bond or undertaking executed, filed, posted, furnished, or otherwise given as security pursuant to any statute of this state, except to the extent the statute prescribes a different rule or is inconsistent.' " (*Lewin v. Anselmo* (1997) 56 Cal.App.4th 694, 698, quoting § 995.020, subd. (a).) The Bond and Undertaking Law became effective on January 1, 1983, and applies to the undertaking in this case. (*Snyder v. U.S. Fidelity & Guar. Co*. (1997) 60 Cal.App.4th 561, 566; Stats. 1982, ch. 998, § 1, p. 3659.)

Section 996.440 sets forth a streamlined procedure through which a party may enforce the undertaking by providing in pertinent part:

"(a) If a bond is given in an action or proceeding, the liability on the bond may be enforced on motion made in the court without the necessity of an independent action.

"(b) The motion shall not be made until after entry of the final judgment in the action or proceeding in which the bond is given and the time for appeal has expired or, if an appeal is taken, until the appeal is finally determined. The motion shall not be made or notice of motion served more than one year after the later of the preceding dates.

9

"(c) Notice of motion shall be served on the principal and sureties at least 30 days before the time set for hearing of the motion. The notice shall state the amount of the claim and shall be supported by affidavits setting forth the facts on which the claim is based. The notice and affidavits shall be served in accordance with any procedure authorized by Chapter 5 (commencing with Section 1010).

"(d) Judgment shall be entered against the principal and sureties in accordance with the motion unless the principal or sureties serve and file affidavits in opposition to the motion showing such facts as may be deemed by the judge hearing the motion sufficient to present a triable issue of fact. If such a showing is made, the issues to be tried shall be specified by the court."

Section 996.440 contemplates enforcement of an undertaking against principals and sureties because, "[g]enerally speaking, the sole purpose of requiring a plaintiff to furnish a bond or undertaking as a provisional remedy is 'to protect the defendant against loss incurred if the defendant prevails in the main action.' " (*West Hills Farms, Inc. v. RCO AG Credit, Inc*. (2009) 170 Cal.App.4th 710, 717, fn. 8, quoting 6 Witkin, Cal. Procedure (5th ed. 2008) Provisional Remedies, § 10, p. 32.) Consequently, a defendant who does not prevail is not entitled to collect under a bond or undertaking posted to secure a preliminary injunction.

Because a defendant must prevail in an action before enforcing a plaintiff's undertaking, a defendant who agrees to a voluntary dismissal cannot move for enforcement of the undertaking. "[W]here the dismissal results from a mutual and voluntary agreement of the parties it does not have the same effect as a determination by the court that the injunction was improperly issued but will be construed as a waiver by the defendant in the injunction suit of the right to proceed upon the bond." (*Adams v. National Auto. Ins. Co*. (1943) 56 Cal.App.2d 905, 910-911 (*Adams*),

10

citing *Wilshire Mortg. Corp. v. O.A. Graybeal* Co. (1940) 41 Cal.App.2d 1, 6-7 (*Wilshire*).)

In short, agreement to voluntary dismissal of an action deprives a defendant of the prerogative to seek the undertaking for a wrongfully granted injunction. As the *Wilshire* court explained, a defendant who believes he or she is entitled to damages for a wrongful injunction may preserve his or her rights by refusing to join in a voluntary dismissal. "In the litigation forming the basis of the instant proceeding the defendants had an opportunity, by refusing to sign the stipulation dismissing the action, to insist either that plaintiff voluntarily dismiss the suit or that the court determine whether the injunction was properly granted, to the end that an action might be prosecuted upon the bond. *Failing so to do, and consenting to the dismissal of the action, defendants must inferentially be charged with intent to waive such rights as they possessed under the bond.* To hold otherwise would serve to promote injustice and open wide the door for practicing oppression and fraud upon bondsmen and sureties." (*Wilshire, supra,* 41 Cal.App.2d at p. 7, italics added.)[3]

---

[3] Our holding does not address the question of whether the result would be different if the Holt estate had not moved to dismiss the entirety of the case and had instead continued to pursue its cross-complaint claims. At oral argument, counsel for the Holt estate stated the most fair reading of the trial court's order is that it dismissed the entire case – including the cross-complaint. This statement is consistent with the Holt estate's assertion in its opening brief that this case is appealable "as a final judgment that terminated trial court proceedings." The record supports this position. In moving for dismissal, the Holt estate made the unqualified assertion the case was moot. Thus, the Holt estate moved to "dismiss the instant action" without limiting the request to the complaint. The trial court's order reflects this motion for dismissal's application to the entirety of the action when it explained why Holt's estate had not established entitlement to the bond posted by Hackard. The court denied Holt's request for the undertaking on grounds that "since the case was *dismissed* by the court *with no finding of liability to either side*, the prerequisite of a finding of liability of the principle has not and cannot

11

**B.**

***Order Directing the Bankruptcy Trustee to Receive the Undertaking***

The trial court properly ordered the bankruptcy trustee to receive the $100,000 undertaking given to secure the preliminary injunction. By filing a motion for voluntary dismissal of the case, the Holt estate forfeited any claim to the undertaking. (*Adams, supra,* 56 Cal.App.2d at pp. 910-911; *Wilshire, supra,* 41 Cal.App.2d at pp. 6-7.) Instead of moving for voluntary dismissal of the case, the Holt estate could have continued to litigate its claim that it suffered damages from the wrongful issuance of the preliminary injunction. (See *Wilshire,* at p. 7.) In the absence of a request for voluntary dismissal, the trial court would have had an active case in which to determine whether Hackard caused injury to the Holt estate as a consequence of the preliminary injunction. (*Ibid.*) However, the effect of the Holt estate's voluntary dismissal was to bring this case to an end. A dismissed case leaves the Holt estate with no procedural vehicle that allows the trial court to make findings of fact as to the merits of the action.

The Holt estate relies on *Special Editions v. Kellison* (1982) 129 Cal.App.3d 803 and *Adams, supra,* 56 Cal.App.2d 905 to argue a voluntary dismissal does not foreclose a defendant's opportunity to enforce an undertaking. Neither case helps the Holt estate. In *Special Editions,* this court held a defendant could enforce an undertaking after a unilateral voluntary dismissal by the plaintiff. (*Special Editions,* at pp. 805-806.) Here, however, it was the defendant that moved for voluntary dismissal.

---

ever be made." The trial court's explanation would not have made sense if the cross-complaint were still pending because it would have provided Holt's estate with a continuing chance of establishing some degree of liability. Thus, the trial court's dismissal encompassed the entirety of the action with the consequence that there was no remaining case for Holt's estate to seek the undertaking posted by Hackard.

The *Adams* court recognized that "the voluntary dismissal *by a plaintiff* of an action for injunction is to be given the same effect in fixing the liability of a surety as follows a final determination by the court that the plaintiff was not entitled to the injunction." (56 Cal.App.2d at p. 910, italics added.) *Adams*, however, involved the unique situation in which the defendant sought a voluntary dismissal of the case after settling with a third party. (*Id.* at pp. 911-912.) Although there was an agreement, "[p]laintiff . . . had nothing to do with these negotiations or the payment of the money." (*Id.* at p. 911.) For this reason, the *Adams* court held the plaintiff did not give up the right to seek return of the undertaking to her. (*Id.* at pp. 911-912.) As applicable to this case, *Adams* recognized a mutual and voluntary agreement to dismiss constituted a waiver of the right of a defendant to collect on the undertaking or bond posted by a plaintiff. (*Id.* at pp. 910-911.)

The Bond and Undertaking Law provides that a bond "remains in force and effect" only until the earliest of events that include (1) "[t]he purpose for which the bond was given is satisfied or the purpose is abandoned without any liability having been incurred," and (2) "[t]he term of the bond expires." (§ 995.430, subds. (b) & (d).) Once "[t]he bond is no longer in force and effect and the time during which the liability on the bond may be enforced has expired," the bond "may be withdrawn from the file and returned to the principal on order of the court . . . ." (§ 995.360, subd. (b).) Here, the purpose for Hackard's undertaking was satisfied without any liability having been incurred. The preliminary injunction necessarily was dissolved upon voluntary dismissal. And the voluntary dismissal precluded any finding Hackard incurred liability to the Holt estate as a consequence of the preliminary injunction. (*Wilshire, supra,* 41 Cal.App.2d at pp. 6-7.) Thus, we reject the Holt estate's contention the voluntary dismissal had the effect of a

final judgment allowing a determination Hackard incurred liability as a consequence of a wrongfully issued injunction.

Similarly, we reject the Holt estate's contention the trial court "revised" section 996.440 to add the requirement a defendant may not enforce a bond or undertaking in the absence of a finding of liability by the plaintiff who secured the preliminary injunction. Section 996.440 became unavailable to the Holt estate when it voluntarily requested dismissal of the case. (*Wilshire, supra,* 41 Cal.App.2d at pp. 6-7.) The trial court did not misconstrue section 996.440 in denying the Holt estate's request for the undertaking given by Hackard.

In the absence of a finding of liability for a wrongfully issued preliminary injunction, an undertaking will ordinarily be returned to the principal or surety that gave the undertaking. (§ 995.430, subds. (b) & (d).) In this case, however, the trial court correctly determined the undertaking should be transmitted to the bankruptcy trustee. As the bankruptcy compromise shows, the undertaking became part of the bankruptcy estate. As part of the bankruptcy estate, the undertaking was properly transmitted to the bankruptcy trustee for final determination regarding to whom the undertaking should be returned.

The Holt estate notes it had a motion to release the undertaking to it at the same time it requested dismissal of the case. On this basis, the Holt estate argues the trial court had a procedural vehicle with which to grant the motion to release the undertaking to it. We reject the argument. The Holt estate's request for voluntary dismissal did not request that the trial court retain continuing jurisdiction to release the undertaking to it and not Hackard. An unqualified request for voluntary dismissal extinguishes a defendant's ability to enforce an undertaking. (*Adams, supra,* 56 Cal.App.2d at pp. 910-911; *Wilshire, supra,* 41 Cal.App.2d at pp. 6-7.) A voluntary dismissal is fundamentally

14

incompatible with a continuing request for damages based on a determination of injury arising from the preliminary injunction issued in the dismissed case.

In sum, the voluntary dismissal requested by the Holt estate extinguished any claim to enforce the undertaking given by Hackard for the preliminary injunction.

## II

### *The Holt Estate's Procedural Objections*

In addition to the Holt estate's argument that Hackard was not entitled to have the undertaking released to the bankruptcy trustee, the Holt estate contends the trial court committed procedural errors in granting Hackard's motion. We reject the contentions.

### A.

### *30-day Notice Requirement*

The Holt estate argues Hackard's motion violated the 30-day notice requirement in section 996.440, subdivision (c), by giving only 24 days' notice. The argument was forfeited when the Holt estate did not object to the lack of timely notice at the hearing on Hackard's motion. Rather than objecting on grounds of insufficient notice or requesting a continuance, the Holt estate addressed the merits of Hackard's motion by arguing the undertaking should not remain with the bankruptcy trustee.

Under California law, " '[i]t is well settled that the appearance of a party at the hearing of a motion and his or her opposition to the motion on its merits is a waiver of any defects or irregularities in the notice of the motion. [Citations.] This rule applies even when no notice was given at all. [Citations.] Accordingly, a party who appears and contests a motion in the court below cannot object on appeal or by seeking extraordinary relief in the appellate court that he [or she] had no notice of the motion or that the notice

was insufficient or defective.' " (*Reedy v. Bussell* (2007) 148 Cal.App.4th 1272, 1288 (*Reedy*), quoting *Tate v. Superior Court* (1975) 45 Cal.App.3d 925, 930.)[4]

"Indeed, in *Carlton v. Quint* (2000) 77 Cal.App.4th 690, the court concluded that even when the opposing party does expressly object to the inadequate notice in its opposition papers, it may not be sufficient to preserve the issue for appeal. Instead, if the party appears at the appropriate hearing and opposes the motion on the merits -- but without making any request for a continuance or demonstrating *prejudice* from the defective notice, the issue is waived . . . ." (*Reedy*, *supra*, 148 Cal.App.4th at pp. 1288-1289.)

Even though the Holt estate's opposition to Hackard's motion included an argument the motion was procedurally flawed based on the 30-day notice provision in section 996.440, subdivision (c), the lack of objection or request for continuance at the hearing forfeited the Holt estate's opportunity to raise the procedural objection in this appeal.

## B.

### *One-year Time Period for a Defendant to Enforce an Undertaking*

The Holt estate contends the trial court erred by releasing the undertaking to the bankruptcy trustee before the one-year period for a defendant to enforce a judgment under section 996.440, subdivision (b), had elapsed. We reject the contention. The Holt

---

[4]     Although *Reedy* preserves the *Tate* court's use of the term "waiver" to describe the relinquishment of the right to appeal, "forfeit" has since been recognized as the correct term to describe the unintentional extinguishment of a right for failure to assert it in a timely manner. "As the United States Supreme Court has clarified, the correct term is 'forfeiture' rather than 'waiver,' because the former term refers to a failure to object or to invoke a right, whereas the latter term conveys an express relinquishment of a right or privilege." (*In re Sheena K.* (2007) 40 Cal.4th 875, 880, fn. 1, citing inter alia *United States v. Olano* (1993) 507 U.S. 725, 733, 123 L.Ed.2d 508.)

16

estate's lack of entitlement to enforce the undertaking after its request for voluntary dismissal rendered the one-year limitations period in section 996.440, subdivision (b), unavailable to the estate. Had the Holt estate proven Hackard injured it by securing a wrongful preliminary injunction, it would have had a year to enforce the undertaking under section 996.440, subdivision (b). However, as we have explained above, the voluntary dismissal foreclosed the Holt estate from enforcing the undertaking.

## C.

### *Lack of Affidavits in Support of Hackard's Motion*

The Holt estate asserts Hackard submitted no evidence in support of his motion because he did not submit the affidavits required by section 996.440, subdivision (d). We disagree for two reasons.

First, under section 995.430, subdivision (b), the undertaking expired upon the granting of the defendant's motion for a voluntary dismissal. Although an injured defendant must show entitlement to damages to enforce an undertaking (§ 996.440), the giver of the undertaking does not need to make the same showing for the return of the undertaking when the undertaking automatically expires under section 995.430. In other words, Hackard did not have the same burden of proof to receive the undertaking as the Holt estate did.

Second, Hackard did supply the requisite evidence to support his request that the undertaking be transmitted to the bankruptcy trustee. He filed declarations with attachments that showed the bankruptcy compromise rendered the undertaking part of the bankruptcy estate and thus subject to administration by the trustee. Underlying the Holt estate's argument is the assumption only an *affidavit* could supply the requisite showing in favor of Hackard's motion. However, the Code of Civil Procedure provides that declarations may substitute "[a]s an alternative to the burdensome procedure of a sworn

17

statement before an authorized officer . . . ." (6 Witkin, Cal. Proc. 5th (2008) Provisional Remedies, § 3, p. 26.) To this end, section 2015.5 provides that "[w]henever, under any law of this state or under any rule, regulation, order or requirement made pursuant to the law of this state, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn statement, declaration, verification, certificate, oath, *or affidavit*, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may with like force and effect be supported, evidenced, established or proved by the unsworn statement, *declaration*, verification, or certificate, in writing of such person which recites that it is certified or declared by him or her to be true under penalty of perjury, is subscribed by him or her, and . . . if executed within this state, states the date and place of execution . . . ." (Italics added.)

Based on section 2015.5, Hackard's introduction of declarations in support of his motion for release of the undertaking were an acceptable substitute for affidavits.

## D.

### *The Holt Estate's Claim of Damages*

Finally, the Holt estate argues the evidence in the record shows Hackard made false statements to the trial court about a promissory note to the partnership. Based on this asserted misconduct, the Holt estate contends Hackard should not have received any relief from the trial court. The Holt estate now asks for damages arising out of Hackard's misleading statements. We reject the argument.

The Holt estate's argument is foreclosed by its voluntary dismissal of the case. (*Wilshire, supra,* 41 Cal.App.2d at pp. 6-7.) A voluntary dismissal is incompatible with continued assertion of claims and defenses in the case. (*Ibid.*) Thus, the Holt estate's argument was extinguished by its motion to voluntarily dismiss this action.

18

DISPOSITION

The order entered on December 10, 2013, releasing the undertaking to Susan Smith, as bankruptcy trustee, is affirmed.  Michael A. Hackard, respondent, and Susan Smith, as bankruptcy trustee, shall recover their costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1) & (2).)


                                                    /s/
                                        HOCH, J.



We concur:



            /s/
HULL, Acting P. J.



            /s/
BUTZ, J.


19